James W. **PALMER**; Susan D. Palmer, Plaintiffs–Appellants,

v.

**RIVERSIDE COUNTY**; et al., Defendants–Appellees.

No. 06–56081.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 21, 2007.

R.App. P. 34(a)(2).

James W. Palmer, Beaumont, CA, pro se.

Susan D. Palmer, Beaumont, CA, pro se.

Arthur K. Cunningham, Esq., Lewis, D'Amato, Brisbois & Bisgaard LLP, Christopher D. Lockwood, Esq., Arias & Lockwood, Sam Bernardino, CA, Timothy J. Harris, Esq., Charlston Revich & Chamberlin, LLP, Los Angeles, CA, for Defendants–Appellees.

---

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

## MEMORANDUM **

James and Susan Palmer, husband and wife, appeal pro se from the district court's order dismissing their 42 U.S.C. § 1983 action alleging defendants violated their constitutional rights during dependency proceedings involving the Palmers' minor children. We review de novo the dismissal of a complaint on absolute immunity grounds, *Botello v. Gammick,* 413 F.3d 971, 975 (9th Cir.2005), or statute of limitations grounds, *Mann v. American Airlines,* 324 F.3d 1088, 1090 (9th Cir.2003), and we affirm in part and reverse in part and remand for further proceedings.

The district court properly concluded that defendants were entitled to absolute immunity for actions related to the prosecution of the April 24, 2002 dependency hearing. *See Doe v. Lebbos,* 348 F.3d 820, 826 (9th Cir.2003).

However, the district court erred in determining that claims premised on events alleged to have occurred before April 11, 2002 were barred by the statute of limitations. California's two-year statute of limitations applicable to section 1983 actions was enacted January 1, 2003, before this action was filed. *See Maldonado v. Harris,* 370 F.3d 945, 954–55 (9th Cir.2004) (holding that under California law, the extension of the personal injury statute of limitations will not apply to claims already time-barred). Because claims arising after January 1, 2002 were not time barred when the statute was enacted, the district court erred in dismissing claims based on events between January 1, 2002 and April 10, 2002. *See id.; see also Andonagui v.*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*May Dept. Stores Co.*, 128 Cal.App.4th 435, 440, 27 Cal.Rptr.3d 145 (2005) (applicable limitations period is the one in effect at the time the action is filed rather than the one in effect at the time the claim accrued).

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part and REMANDED.**