**Leonard MORENO, Plaintiff,**

v.

**Mike THOMAS PIA (Supervisor), Defendant.**

**No. CV05–8137VBF(RC).**

United States District Court, C.D. California.

June 4, 2007.

---

Leonard Moreno, Santa Cruz, CA, Pro se.

E. Katherine O'Brien, Office of Attorney General of California, Los Angeles, CA, for Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES

FAIRBANK, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Complaint and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, and has made a *de novo* determination.

IT IS ORDERED that: (1) The Report and Recommendation IS APPROVED AND ADOPTED; (2) plaintiff's claim against defendant Mike Thomas in his official capacity is dismissed sua sponte; and (3) the motion for summary judgment of defendant Thomas in his individual capacity on statute of limitation grounds IS DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order and the Magistrate Judge's Report and Recommendation by the United States mail on the parties.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Valerie Baker Fairbank, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 01–13 of the United States District Court for the Central District of California.

## BACKGROUND

### I

On February 6, 2006, plaintiff Leonard Moreno, a state inmate proceeding pro se and in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983 against defendant Mike Thomas, in his individual and official capacities, claiming defendant Thomas was deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment. More specifically, plaintiff alleges he had no respiratory problems prior to working at the Prison Industry Authority ("PIA") Soap Factory at the California State Prison, Los Angeles County ("CSP–LAC"). Complaint at 5a. However, during his factory employment, plaintiff was issued defective safety equipment. *Id.* at 5. Plaintiff com-

plained to defendant Thomas, the PIA supervisor, that his safety equipment was defective and he was having trouble breathing and was "tasting blood in [his] chest"; however, defendant Thomas did not send plaintiff for a medical evaluation or replace the defective equipment, and plaintiff was diagnosed on February 27, 2003, with "black lung disease" after failing a test designed to measure his breathing ability. *Id.* at 5–5a. The plaintiff seeks $5 million in compensatory and punitive damages and "[a]ny/all injunctive relief" necessary "to halt the illegal/unconstitutional acts that go on daily at [CSP-LAC]." *Id.* at 6.

On May 8, 2006, defendant Thomas filed a motion to dismiss plaintiff's complaint, arguing California's Worker's Compensation Act, Cal. Labor Code §§ 3200 et seq., bars plaintiff's claims. On July 19, 2006, Magistrate Judge Rosalyn M. Chapman denied defendant Thomas's motion to dismiss, concluding plaintiff adequately alleged a deliberate indifference cause of action against defendant Thomas, *see, e.g., Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993) (Inmate "states a cause of action under the Eighth Amendment by alleging that [defendants] have, with deliberate indifference, exposed him to levels of [a chemical] that pose an unreasonable risk of serious damage to his future health."); *Wallis v. Baldwin,* 70 F.3d 1074, 1076–77 (9th Cir. 1995) (defendants were deliberately indifferent to inmate's serious medical needs when they required inmate to clean prison attics without adequate safety equipment when they knew inmates working were at risk of exposure to asbestos), and the California's Worker's Compensation Act does not bar an inmate's Eighth Amendment claim. *Jensen v. City of Oxnard,* 145 F.3d 1078, 1084 n. 3 (9th Cir.), *cert. denied,* 525 U.S. 1016, 119 S.Ct. 540, 142 L.Ed.2d 449 (1998); *cf. Vaccaro v. Dobre,* 81 F.3d 854, 857 (9th Cir.1996) (federal worker's compensation scheme does not bar inmate's Eighth Amendment claim for prison work injuries). On August 9, 2006, defendant Thomas answered the complaint.

## II

On March 15, 2007, defendant Thomas filed a notice of motion and motion for summary judgment on the sole ground that plaintiff's complaint is time-barred, a supporting memorandum of points and authorities, a statement of uncontroverted facts and conclusions of law, and the supporting declaration of Patty Castillo, with exhibits. On March 26, 2007, plaintiff filed an opposition to the motion for summary judgment; however, defendant did not file a reply.

## DISCUSSION

## III

Federal Rule of Civil Procedure 56(c) authorizes the granting of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the initial burden of identifying the elements of the claim in the pleadings, or other evidence which the moving party "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *MetroPCS, Inc. v. City & County of San Francisco,* 400 F.3d 715, 720 (9th Cir.2005). The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553; *Porter v. Cal. Dep't of Corr.,* 419 F.3d 885, 891 (9th Cir.2005).

"[I]n ruling on a motion for summary judgment, the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S.Ct. 1545, 1551–52, 143 L.Ed.2d 731 (1999) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986)); *Groh v. Ramirez*, 540 U.S. 551, 562, 124 S.Ct. 1284, 1293, 157 L.Ed.2d 1068 (2004). However, more than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Scribner v. Worldcom, Inc.*, 249 F.3d 902, 907 (9th Cir.2001). Rather, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. at 1356 (citation omitted); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.2001)(en banc).

## IV .

■■■ The plaintiff sues defendant Thomas in both his individual and official capacities.[1] However, a suit against a public employee in his official capacity is equivalent to a claim against his employer, *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Butler v. Elle*, 281 F.3d 1014, 1023 n. 8 (9th Cir.2002), which, in this case, is the State of California. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995); *Watkins v. Cal. Dep't of Corr.*, 100 F.Supp.2d 1227, 1229 n. 2 (C.D.Cal.2000).

■■■ The Eleventh Amendment prohibits suits against a state or its agencies or departments for legal or equitable relief.[2] *Papasan v. Allain*, 478 U.S. 265, 276–77, 106 S.Ct. 2932, 2939–40, 92 L.Ed.2d 209 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). The Eleventh Amendment bars civil rights actions in the federal courts by a citizen against a state or its agencies unless the state has waived its immunity or Congress has overridden that immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309–10, 105 L.Ed.2d 45 (1989); *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir.1995). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that ' § 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]'" *Dittman v. State of California*, 191 F.3d 1020, 1025–26 (9th Cir.1999) (citations omitted), *cert. denied*, 530 U.S. 1261, 120 S.Ct. 2717, 147 L.Ed.2d 982 (2000).

■■■ However, the Eleventh Amendment "does not preclude a suit against state officers for prospective relief from an ongoing violation of federal law." *Children's Hospital and Health Ctr. v. Belshe*,

---

**1.** Plaintiff alleges defendant Thomas is an employee of the former California Department of Corrections ("CDC"), now the California Department of Corrections and Rehabilitation ("CDCR"). Complaint at 3. Indeed, PIA was part of the CDC at the time of plaintiff's alleged injuries, *see Burleson v. State of Cal.*, 83 F.3d 311, 314 (9th Cir.1996) ("[T]he PIA is by statute a part of the CDC." (citing former Cal.Penal Code) ("P.C.") § 5001 (2002)), and remains part of CDCR, which succeeded to CDC's powers and duties. Cal. Gov't Code

§§ 12838(a), 12838.5; *see also* P.C. § 2800 ("Commencing July 1, 2005, there is hereby continued in existence within the Department of Corrections and Rehabilitation the Prison Industry Authority.").

**2.** The Court may raise sua sponte the applicability of Eleventh Amendment immunity. *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999); *Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 873 n. 2 (9th Cir.1987).

188 F.3d 1090, 1095 (9th Cir.1999), *cert. denied,* 530 U.S. 1204, 120 S.Ct. 2197, 147 L.Ed.2d 233 (2000); *Ex Parte Young,* 209 U.S. 123, 159–60, 28 S.Ct. 441, 454, 52 L.Ed. 714 (1908); *Mayweathers v. Newland,* 314 F.3d 1062, 1069–70 (9th Cir. 2002), *cert. denied,* 540 U.S. 815, 124 S.Ct. 66, 157 L.Ed.2d 30 (2003). Here, plaintiff makes a broad request for injunctive relief "to halt the illegal/unconstitutional acts that go on daily at [CSP–LAC]." Complaint at 6. Nevertheless, as plaintiff concedes, he is no longer incarcerated at CSP–LAC, *see* Complaint at 1–2; Opposition at 1; thus, plaintiff's claim for injunctive relief regarding conditions at CSP–LAC is moot, *Nelson v. Heiss,* 271 F.3d 891, 897 (9th Cir.2001); *Dilley v. Gunn,* 64 F.3d 1365, 1368–69 (9th Cir.1995), and plaintiff cannot maintain a Section 1983 claim against defendant Thomas in his official capacity. *Graham,* 473 U.S. at 166, 105 S.Ct. at 3105; *Butler v. Elle,* 281 F.3d 1014, 1023 n. 8 (9th Cir.2002).

## V

■ The statute of limitations for Section 1983 actions is determined by state law. *Wallace v. Kato,* —— U.S. ——, ——, 127 S.Ct. 1091, 1094, 166 L.Ed.2d 973 (2007); *Wilson v. Garcia,* 471 U.S. 261, 269, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 (1985). Section 1983 claims are considered to be personal injury actions for statute of limitations purposes. *Wilson,* 471 U.S. at 276, 105 S.Ct. at 1947; *Maldonado v. Harris,* 370 F.3d 945, 954 (9th Cir.2004), *cert. denied,* 544 U.S. 968, 125 S.Ct. 1725, 161 L.Ed.2d 615 (2005). Effective January 1, 2003, the statute of limitations for personal injury actions in California is two years. Cal.Code of Civ. Proc. ("C.C.P.") § 335.1; *Jones v. Blanas,* 393 F.3d 918, 927 (9th

Cir.2004), *cert. denied,* —— U.S. ——, 126 S.Ct. 351, 163 L.Ed.2d 61 (2005). Prior to January 1, 2003, the statute of limitations for personal injury actions was one year. Former Cal.Civ.Proc.Code § 340(3) (2000); *Maldonado,* 370 F.3d at 954–55. The new two-year statute of limitations period does not apply retroactively except to victims of the terrorist attacks on September 11, 2001. *Stanley v. Trustees of Cal. State Univ.,* 433 F.3d 1129, 1136 (9th Cir.2006); *Jones,* 393 F.3d at 927.

■ Federal law determines when a cause of action accrues and the statute of limitations period begins to run for a Section 1983 action. *Wallace,* 127 S.Ct. at 1095; *Maldonado,* 370 F.3d at 955. " 'Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.' " *Maldonado,* 370 F.3d at 955 (citations omitted); *Azer v. Connell,* 306 F.3d 930, 936 (9th Cir.2002). Moreover, the statute of limitations runs separately for each distinct act alleged by the claimant. *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113, 122 S.Ct. 2061, 2072, 153 L.Ed.2d 106 (2002); *Carpinteria Valley Farms, Ltd., v. County of Santa Barbara,* 344 F.3d 822, 829 (9th Cir.2003).

■ Here, defendant Thomas contends plaintiff's complaint is time-barred because plaintiff's injury actually accrued on September 18, 2002, not on February 27, 2003, as alleged by plaintiff. *See* Defendant's Memorandum at 1:3–8:2. The defendant's argument is based entirely on two documents which are attached to the Declaration of Patty Castillo ("Castillo Decl."): (1) an "Employee's Claim for Workers' Compensation Benefits," and (2) an "Employer's Report of Occupational Injury or Illness." [3] Even assuming *arguendo* that

---

3. Defendant Thomas has not properly authenticated these documents, *see* Castillo Decl. ¶¶ 3–4; Fed.R.Evid. 901–902, and this Court cannot consider them. *See Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir.2002) ("[U]nauthenticated documents cannot be

plaintiff's cause of action accrued on September 18, 2002, defendant Thomas' argument that plaintiff's complaint is untimely is without merit.

■■■ "Under California law, an extension of a statute of limitations will not apply to claims *already barred* under the prior statute of limitations unless the Legislature explicitly provides otherwise." *Maldonado*, 370 F.3d at 955 (emphasis added). Here, plaintiff's cause of action was not "already barred" when C.C.P. § 335.1 took effect on January 1, 2003; rather, the then-existing statute of limitations had been running for less than a year. In such circumstances, California courts have repeatedly and consistently applied the enlarged limitations period to the pending claims as long as such application was not explicitly prohibited by the California Legislature. *See*, e.g., *Douglas Aircraft Co. v. Cranston*, 58 Cal.2d 462, 465, 24 Cal.Rptr. 851, 374 P.2d 819 (1962) ("The extension of the statutory period within which an action must be brought is generally held to be valid if made before the cause of action is barred." (citations and internal quotation marks omitted)); *Mudd v. McColgan*, 30 Cal.2d 463, 468, 183 P.2d 10 (1947) ("It is the settled law of this state that an amendment which enlarges a period of limitation applies to pending matters where not otherwise expressly excepted. Such legislation affects the remedy and is applicable to matters not already barred, without retroactive effect. Because the operation is prospective rather than retrospective, there is no impairment of vested rights. Moreover a party has no vested right in the running of a statute of limitation prior to its expiration. He is deemed to suffer no injury if, at the time

of an amendment extending the period of limitation for recovery, he is under obligation to pay."); *Andonagui v. May Dep't Stores Co.*, 128 Cal.App.4th 435, 440, 27 Cal.Rptr.3d 145 (2005) ("A new statute that enlarges a statutory limitations period applies to actions that are not already barred by the original limitations period at the time the new statute goes into effect."). Since no explicit legislative exception prevents the application of C.C.P. § 335.1 to plaintiff's claim, the new two-year limitations period applies to plaintiff's claim. *See*, e.g., *Mojica v. 4311 Wilshire, LLC*, 131 Cal.App.4th 1069, 1072, 31 Cal.Rptr.3d 887 (2005) ("Because [plaintiff's] claim was pending [when C.C.P. § 335.1 took effect], the new statute of limitations applied to it regardless of the statute's non-retroactivity."); *Andonagui*, 128 Cal.App.4th at 440, 27 Cal.Rptr.3d 145 ("The one-year statute of limitations (§ 340, subd. (3)) had not barred [plaintiff's] action at the time the two-year statute of limitations (§ 335.1) became effective. Plaintiff's action is governed by the two-year statute of limitations in effect when she filed her action (§ 335.1) rather than the one-year statute of limitations in effect at the time she allegedly sustained her injuries (§ 340, subd. (3))."); *see also Palmer v. Riverside County*, 225 Fed.Appx. 649, 650, 2007 WL 867645, *1 (9th Cir.2007) (Unpublished Disposition) ("Because claims arising after January 1, 2002 were not time barred when [C.C.P. § 335.1] was enacted, the district court erred in dismissing claims based on events between January 1, 2002 and April 10, 2002.");[4] *Thompson v. City of Shasta Lake*, 314 F.Supp.2d 1017, 1024 (E.D.Cal.2004) ("Section 335.1 does not expressly provide that it applies retroactively

---

considered in a motion for summary judgment."). Thus, there is no factual basis for plaintiff's summary judgment motion. Nevertheless, even if the Court were to consider the documents to be authentic, defendant Thom-

as' summary judgment motion is without merit for the reasons set forth herein.

**4.** *See* Fed. R.App. P. 32.1(a); Ninth Circuit Rule 36–3(b).

to claims already time-barred under former [C.C.P.] § 340(3). Neither does it expressly state that it does not apply to matters still pending at the time it went into effect. [Thus,] ... the two-year limitations period will apply to plaintiff's claims that were not already time-barred on January 1, 2003." (footnote omitted)).

 Under California law, a cause of action may be tolled for up to two years if the person entitled to bring the claim is imprisoned at the time the cause of action accrues, C.C.P. § 352.1,[5] as plaintiff was.[6] Therefore, applying C.C.P. §§ 335.1 and 352.1 to plaintiff's claim for deliberate indifference, such claim is timely—even if it accrued on September 18, 2002. Accordingly, defendant Thomas' motion for summary judgment must be denied.

### RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order (1) approving and adopting the Report and Recommendation; (2) dismissing sua sponte plaintiff's claim against defendant Mike Thomas in his official capacity; and (3) denying the motion of defendant Thomas in his individual capacity for summary judgment on statute of limitations grounds.

April 30, 2007.

---

5. C.C.P. Section 352.1 provides, in part, as follows:

> (a) If a person entitled to bring an action ... is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

6. In fact, defendant Thomas does not suggest plaintiff is not entitled to the full two years of tolling under C.C.P. § 352.1; rather, defendant Thomas presumes plaintiff is entitled to such tolling. *See* Defendant's Memorandum at 6:22–7:18.