[No. B168117. Second Dist., Div. Six. Feb. 18, 2004.]

JOHN KRUPNICK, Plaintiff and Appellant, v.
DUKE ENERGY MORRO BAY, L.L.C., Defendant and Respondent.

**COUNSEL**

Robert W. Bates for Plaintiff and Appellant.

Pillsbury Winthrop, Patrick C. Marshall, Blaine I Green and Katherine L. Manning for Defendant and Respondent.

**OPINION**

**YEGAN, Acting P. J.**—John Krupnick appeals from an order dismissing his personal injury action with prejudice following the sustaining of the demurrer of Duke Energy Morro Bay, LLC, respondent. Appellant contends that the trial court erroneously concluded that the action was barred by the statute of limitations. We affirm.

### Facts and Procedural Background

The personal injury action was filed on January 8, 2003. The complaint alleged that, on January 26, 2001, appellant had fallen on respondent's premises "due [to] the pooling of water and other material on the floor . . . ."

Respondent demurred to the complaint. It contended that the action was barred by the one-year statute of limitations of former Code of Civil

Procedure section 340, subdivision (3).[1] Appellant countered that new section 335.1 had extended the statute of limitations to two years. Appellant argued that section 335.1 should be applied retroactively to his action.

The trial court rejected appellant's argument and sustained the demurrer without leave to amend.

### Section 335.1 Does Not Apply Retroactively to Appellant's Action

When appellant was injured, former section 340, subdivision (3), provided a one-year statute of limitations for personal injury actions. The one-year limitations period expired on January 26, 2002.

In 2002 the Legislature amended section 340, subdivision (3), to delete the one-year limitations period for personal injury actions. At the same time, it added section 335.1, which now provides a two-year statute of limitations for such actions.[2] (Stats. 2002, ch. 448, §§ 2–3.) The changes were made during the Legislature's 2001–2002 Regular Session and therefore became effective on January 1, 2003. (Gov. Code, § 9600, subd. (a).)

"Generally, statutes operate prospectively only." (*Myers v. Philip Morris Companies, Inc.* (2002) 28 Cal.4th 828, 840 [123 Cal.Rptr.2d 40, 50 P.3d 751].) Appellant, however, contends that section 335.1 operated retroactively to revive his lapsed claim. He maintains that the Legislature intended that the two-year limitations period of section 335.1 be applied retroactively to all tort victims.

"Our primary aim in construing any law is to determine the legislative intent. [Citation.] In doing so we look first to the words of the statute, giving them their usual and ordinary meaning. [Citations.]" (*Committee of Seven Thousand v. Superior Court* (1988) 45 Cal.3d 491, 501 [247 Cal.Rptr. 362, 754 P.2d 708].)

 Section 335.1 does not expressly provide that it applies retroactively to claims already time-barred under former section 340, subdivision (3) . On the other hand, the same act that added section 335.1 also added section 340.10, which expressly provides that the two-year limitations period shall apply retroactively to "any action brought for injury to, or for the death of," any victim of the "terrorist-related aircraft crashes of September 11, 2001

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

[2] Section 335.1 states: "Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another."

. . . ."[3] (Stats. 2002, ch. 448, § 4.) In an uncodified portion of the act, the Legislature explained why "9/11" terrorist victims were deserving of special treatment: "A prime example of the inequity caused by the one-year statute of limitations is that residents of California who were victims of the terrorist actions of September 11, 2001, must prematurely choose between litigation and federal remedies, while residents of other states have more than twice as long to pursue their remedies. Extending the statute of limitations will reduce litigation in these cases as well, because terrorist victims will have the opportunity to fully evaluate and use other alternatives, rather than being forced to litigate prematurely. [¶] . . . The special injustice worked against victims of the September 11, 2001, terrorist actions justifies applying the two-year statute of limitations retroactively to those victims." (Stats. 2002, ch. 448, § 1, subds. (c), (d).)

■ Thus, the Legislature expressly singled out only one class of plaintiffs—"9/11" terrorist victims—as entitled to the retroactive application of section 335.1. Appellant is not a member of this class. Pursuant to general principles of statutory construction, section 335.1 should be construed as not applying retroactively to him: "[A]s a rule of statutory construction, it is established that an enlargement of limitations operates prospectively unless the statute expressly provides otherwise. [Citations.] The reason for this rule is a judicial perception of unfairness in reviving a cause after the prospective defendant has assumed its expiration and has conducted his affairs accordingly." (*Gallo v. Superior Court* (1988) 200 Cal.App.3d 1375, 1378 [246 Cal.Rptr. 587]; accord, *In re Marriage of Sweeney* (1999) 76 Cal.App.4th 343 [90 Cal.Rptr.2d 298].)

Furthermore, "[u]nder the familiar rule of construction, *expressio unius est exclusio alterius*, where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed. [Citations.]" (*Wildlife*

---

[3] The full text of section 340.10 is as follows: "(a) For purposes of this section, 'terrorist victim' means any individual who died or was injured as a consequence of the terrorist-related aircraft crashes of September 11, 2001, including persons who were present at the World Trade Center in New York City, New York, the Pentagon in Arlington, Virginia, or at the site of the crash at Shanksville, Pennsylvania, or in the immediate aftermath of the terrorist-related aircraft crashes of September 11, 2001, including members of the flight crew and passengers on American Airlines Flight 11, American Airlines Flight 77, United Airlines Flight 175, and United Airlines Flight 93, and who suffered physical harm or death as a result of any of the crashes, as defined in Section 40101 of Title 49 of the United States Code and the related, applicable regulations, other than an individual identified by the Attorney General of the United States as a participant or conspirator in the terrorist-related aircraft crashes, or a representative or heir of such an individual. [¶] (b) The statute of limitations for injury or death set forth in Section 335.1 shall apply to any action brought for injury to, or for the death of, any terrorist victim described in subdivision (a) and caused by the wrongful act or neglect of another, regardless of whether that action lapsed or was otherwise barred by time under California law predating the passage of this section and Section 335.1."

*Alive v. Chickering* (1976) 18 Cal.3d 190, 195 [132 Cal.Rptr. 377, 553 P.2d 537].) Here the Legislature specified a single exception, for "9/11" terrorist victims, to the general rule that statutes operate prospectively. It follows that other exceptions should not be implied or presumed.

Another rule of statutory construction is that "significance must be given to every word in pursuing the legislative purpose, and the court should avoid a construction that makes some words surplusage. [Citations.]" (*Agnew v. State Bd. of Equalization* (1999) 21 Cal.4th 310, 330 [87 Cal.Rptr.2d 423, 981 P.2d 52].) We would violate this rule if we were to construe section 335.1 as applying retroactively to all tort victims. Such a construction would render section 340.10 mere surplusage. "We do not presume that the Legislature performs idle acts, nor do we construe statutory provisions so as to render them superfluous. [Citations.]" (*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 22 [276 Cal.Rptr. 303, 801 P.2d 1054].)

The legislative history of sections 335.1 and 340.10 manifests an intent that section 335.1 apply retroactively only to "9/11" terrorist victims. The sections were added by Senate Bill No. 688. A bill analysis prepared by the staff of the Assembly Committee on Judiciary contains the following excerpt concerning retroactivity: "Extension Of Statute Of Limitations Retroactive For Victims Of September 11th. This bill's extension of the statute of limitations period in personal injury and wrongful death actions from one year to two years is intended to benefit the victims of the September 11th terrorist attacks by applying the change retroactively to these victims." (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 688 (2001–2002 Reg. Sess.) as amended Aug. 26, 2002, p. 8.) The bill analysis "falls within the class of documents that [our Supreme Court] traditionally has considered in determining legislative intent. [Citation.]" (*People v. Benson* (1998) 18 Cal.4th 24, 34, fn. 6 [74 Cal.Rptr.2d 294, 954 P.2d 557].)

### Disposition

The judgment is affirmed. Costs on appeal are awarded to respondent.

Coffee, J., and Perren, J., concurred.

Appellant's petiton for review by the Supreme Court was denied May 12, 2004.