[No. B175577. Second Dist., Div. Eight. Aug. 8, 2005.]

MICHELLE MOJICA, Plaintiff and Appellant, v.
4311 WILSHIRE, LLC, et al., Defendants and Respondents.

COUNSEL

McNicholas & McNicholas, Matthew S. McNicholas, Holly N. Boyer; Esner & Chang, Stuart B. Esner and Andrew N. Chang for Plaintiff and Appellant.

Waters, McCluskey & Boehle and Gregg W. Brugger for Defendants and Respondents 4311 Wilshire, LLC and Jamison Properties, Inc.

McHale & Allen, Philip C. Allen and Bruce Janger for Defendant and Respondent Schindler Elevator Corp.

OPINION

**RUBIN, J.**—Michelle Mojica appeals from the trial court's judgment dismissing her complaint as time-barred. We reverse.

## FACTS AND PROCEDURAL HISTORY

Michelle Mojica alleges she was injured on December 10, 2001, when an elevator she was riding malfunctioned. On December 2, 2002, eight days before the then one-year statute of limitation for personal injury lawsuits expired (Code Civ. Proc., former § 340; see Stats. 2002, ch. 448, § 3), she filed a personal injury complaint based on diversity jurisdiction in federal district court in California against respondents Schindler Elevator Corporation and Jamison Properties, Inc. Apparently because the district court clerk initially delayed accepting the complaint for filing, appellant also filed a second complaint on December 10, 2002, in federal district court in Utah to ensure she met the one-year deadline that expired that day. A few weeks later, on January 1, 2003, new Code of Civil Procedure section 335.1 took effect and extended the statute of limitations for personal injury suits to two years.[1]

In May 2003, the district court in California dismissed appellant's complaint for lack of complete diversity because she and respondent Jamison Properties, Inc. were California residents. On July 8, 2003, appellant dismissed her Utah lawsuit without prejudice for lack of personal jurisdiction. Seventeen days later, on July 25, 2003, she filed in California state court the complaint at issue in this appeal against respondents 4311 Wilshire, LLC, Jamison Properties, Inc., and Schindler Elevator Corporation.

---

[1] All further section references are to the Code of Civil Procedure.

Respondents demurred to the state court complaint. They argued the complaint was untimely under the one-year statute of limitations for personal injury in effect when appellant was injured. The court sustained the demurrer with leave to amend. Appellant filed a first amended complaint adding allegations that her federal lawsuits had equitably tolled the statute of limitations, making her state court complaint timely. Respondents filed another demurrer, arguing the federal complaints did not support equitable tolling because appellant had filed them in bad faith.

The court sustained the demurrer without leave to amend. The court rejected appellant's argument that the new two-year statute of limitations, which took effect while her federal complaints were pending, applied to her. The court also found that even if the federal complaints supported equitable tolling, the tolling gave her only eight days after she dismissed her second federal complaint to file her state court complaint. However, she waited 17 days after dismissing her Utah complaint to file in state court. The court therefore dismissed the complaint as untimely and entered judgment for respondents. This appeal followed.

## DISCUSSION

Appellant filed her first federal complaint eight days before the first anniversary of her elevator accident. A few weeks later, on January 1, 2003, section 335.1 took effect and extended the statute of limitations for personal injuries to two years. (*Krupnick v. Duke Energy Morro Bay* (2004) 115 Cal.App.4th 1026, 1028 [9 Cal.Rptr.3d 767].) Six months later, in July 2003, appellant was out of federal court and in state court. The trial court found, however, that the new two-year statute of limitations did not apply and equitable tolling had, at most, given appellant eight days to file her state court complaint after she dismissed her federal complaints. Because she waited 17 days, the court found she was nine days too late. Appellant contends the court erred because it did not apply the enlarged statute of limitations to her, thus giving her *one year and* eight days after she dismissed her federal complaints to file in state court.

█ Appellant is correct. While her federal complaints were pending, she was entitled to catch the windfall of any liberalization of the statute of limitations. The Supreme Court long ago established that "[i]t is settled law of this state that an amendment which enlarges a period of limitation applies to pending matters . . . . Such legislation . . . is applicable to matters not already barred . . . ." (*Mudd v. McColgan* (1947) 30 Cal.2d 463, 468 [183 P.2d 10]

(*Mudd*).) The rule has not changed in the decades since *Mudd*. Indeed another division of this court held just a few months ago "[a] new statute that enlarges a statutory limitations period applies to actions that are not already barred by the original limitations period at the time the new statute goes into effect." (*Andonagui v. May Dept. Stores Co.* (2005) 128 Cal.App.4th 435, 440 [27 Cal.Rptr.3d 145] (*Andonagui*); see *Society of Cal. Pioneers v. Baker* (1996) 43 Cal.App.4th 774, 784–785 [50 Cal.Rptr.2d 865] [same].)

■ Respondents note that a new statute of limitations must be expressly retroactive to revive an expired claim. (See, e.g., §§ 340.1 [statute of limitations for child molestation claims retroactive], 340.9 [Northridge earthquake claims], 340.10 [claims from 9/11 terrorist attacks].) They further note that the new two-year statute of limitations for personal injuries is not retroactive. (See *Krupnick v. Duke Energy Morro Bay, supra,* 115 Cal.App.4th at pp. 1028–1029.) Their argument misses the mark, however, because appellant's claim was pending in federal court, and thus had not expired, when the new period took effect. Because the claim was pending, the new statute of limitations applied to it regardless of the statute's nonretroactivity. (*Mudd, supra,* 30 Cal.2d at p. 468; *Andonagui, supra,* 128 Cal.App.4th at p. 440.)

Respondents argue the court was overly generous in assuming the federal complaints equitably tolled the statute of limitations. Ultimately, we note, the court's generosity did not help appellant because the court found her complaint was nevertheless untimely. But, we suspect respondents' true quarrel with the court's "generous" assumption is the mischief respondents see it creates by letting the pendency of appellant's action carry into 2003, at which time the two-year statute took effect.

■ Equitable tolling stops the statute of limitations from expiring when a plaintiff has remedies in addition to state court. (*Downs v. Department of Water & Power* (1997) 58 Cal.App.4th 1093, 1099–1103 [68 Cal.Rptr.2d 590].) Equitable tolling has three elements. (*Addison v. State of California* (1978) 21 Cal.3d 313, 316 [146 Cal.Rptr. 224, 578 P.2d 941]; *Collier v. City of Pasadena* (1983) 142 Cal.App.3d 917, 924 [191 Cal.Rptr. 681].) First, timely notice to the defendant of the claim within the statutory period; ordinarily, such notice occurs when the plaintiff files in the other forum. Second, lack of prejudice to the defendant in gathering and preserving evidence for its defense. And, third, the plaintiff's reasonableness and good faith in pursuing the claim in the other forum.

█ Respondents argue appellant did not satisfy the elements for equitable tolling. Respondents' contention is not well taken, however, because they argue disputed facts. We, however, are reviewing the trial court's sustaining of a demurrer. Thus, we must accept the facts as pleaded in the complaint and those facts of which we may take judicial notice. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) Respondents argue, for example, that appellant's decision to file a complaint in federal court was unreasonable. They contend she knew Jamison Properties, Inc., was a California resident, citing in support the allegation in her complaint that the company was a California corporation. Thus, according to respondents, appellant knew diversity jurisdiction did not exist on which to rest her federal complaints. Respondents' argument is unavailing, however, because nothing on the complaint's face demonstrates bad faith. █ A plaintiff's seeming misanalysis of the facts or the law, particularly in a relatively esoteric area such as federal jurisdiction, does not amount to the sort of bad faith found to thwart equitable tolling. That type of bad faith typically involves trifling with the courts or the other party. (See, e.g., *Thomas v. Gilliland* (2002) 95 Cal.App.4th 427, 433–434 [115 Cal.Rptr.2d 520] [dismissing and refiling to get more convenient trial date]; *Mitchell v. Frank R. Howard Memorial Hospital* (1992) 6 Cal.App.4th 1396 [8 Cal.Rptr.2d 521] [multiple actions dismissed for failure to prosecute or by stipulation]; *Hernandez v. City of El Monte* (9th Cir. 1998) 138 F.3d 393 [judge shopping].) Nothing in the complaint suggests appellant was toying with the court or the parties.[2]

Respondents also argue permitting the federal complaints to trigger equitable estoppel prejudices them. They assert the federal complaints were so obviously defective in lacking diversity jurisdiction that they could not fathom appellant's case would ever reach the point where they would need to defend themselves. Hence, they foresaw no need to gather and preserve evidence. Respondents' argument is unavailing, however, because the federal complaints involved the same elevator, the same accident, and the same injuries as the state court action. That respondents did not take appellant's federal litigation seriously does not mean they did not know what liability was potentially at stake. Hence, their prejudice argument fails.

---

[2] Both in their appellate briefs and at oral argument, respondents rely on *Elkins v. Derby* (1974) 12 Cal.3d 410 [115 Cal.Rptr. 641, 525 P.2d 81], and *Addison v. State of California, supra*, 21 Cal.3d 313, in support of their claim that appellant acted unreasonably and in bad faith. Neither is helpful. In both *Elkins* and *Addison*, the Supreme Court upheld the equitable tolling doctrine and reversed the sustaining of demurrers. Nothing in either opinion suggests that trial courts may go beyond the face of the pleading to test whether the filing of an earlier action was reasonable or in bad faith.

## DISPOSITION

The judgment is reversed and the trial court is directed to enter a new order overruling respondents' demurrer. Appellant to recover her costs on appeal.

Cooper, P. J., and Flier, J., concurred.