[No. B206790. Second Dist., Div. Eight. May 29, 2009.]

FREDDY AGUILERA, Plaintiff and Appellant, v.
ROBERT P. HEIMAN et al., Defendants and Respondents.

COUNSEL

Zukor and Nelson, Abram Charles Zukor and Marilyn H. Nelson for Plaintiff and Appellant.

Law Offices of Bradford L. Treusch and Bradford L. Treusch for Defendant and Respondent Robert P. Heiman.

Kulik, Gottesman, Mouton & Siegel, Donald S. Gottesman and David A. Bernardoni for Defendant and Respondent 2612 Montana Avenue Owners Association.

OPINION

**FLIER, J.**—Freddy Aguilera was injured on November 5, 1997. On April 16, 2007, almost 10 years later, Aguilera filed this civil action against respondents Robert P. Heiman, individually and doing business as Pegasus Properties (Heiman), and 2612 Montana Avenue Owners Association (Association). Respondents demurred to an amended complaint on the basis that Aguilera's action for personal injuries was barred by the statute of limitations. Aguilera contended that the statute of limitations was tolled by his timely filing of a claim for workers' compensation benefits against his unlicensed and uninsured employer, Mark Hruby, doing business as Rube's Rain Gutter Service (Hruby), and the Uninsured Employers Benefits Trust Fund (UEF). The trial court sustained the demurrer without leave to amend. Aguilera appeals from the resulting dismissal of his action. We affirm.

We hold the claim is barred by the one-year statute of limitations under Code of Civil Procedure former section 340, subdivision (3), and the equitable tolling doctrine did not apply to extend appellant's time to file an action against respondents. Further, the trial court did not abuse its discretion in sustaining the demurrers without leave to amend.

### FACTS AND PROCEDURAL HISTORY[1]

The basic facts for purposes of this appeal are not in dispute. Aguilera was injured on November 5, 1997, when he came into contact with a high voltage electrical wire while installing rain gutters on a condominium in Santa Monica, California.

---

[1] On review of the sufficiency of a complaint against a general demurrer, we treat the demurrer as admitting all properly pleaded material facts, but not contentions, deductions or conclusions of fact or law. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) We also consider matters subject to judicial notice. (*Ibid.*)

Well within one year after the incident, on January 26, 1998, Aguilera filed an application to receive workers' compensation benefits, naming his employer Hruby and UEF as defendants. On June 16, 1999, more than one and a half years after Aguilera's injury, and again on June 3, 2002, more than three and a half years after such injury, the workers' compensation judge ordered Heiman joined as a defendant to the workers' compensation proceeding. After that, apparently on August 12, 1999, Aguilera added respondent Association (incorrectly identified as "Montana Villas Homeowners Association") as a party defendant to his workers' compensation proceeding.[2] The workers' compensation matter proceeded to an award finding Hruby to be Aguilera's employer and liable for workers' compensation, including a 90 percent permanent disability rating. The Workers' Compensation Appeals Board granted reconsideration and determined that, because he did not possess a valid contractor's license, Hruby was not Aguilera's employer for workers' compensation purposes and that Heiman was the employer for such purposes as a professional property management business and as agent for the homeowners' association.

Upon Heiman's petition for a writ of review of the board's decision, Division Three of this court held that, in addition to Hruby, respondents Heiman and the Association were also liable under the workers' compensation statutes. (*Heiman v. Workers' Comp. Appeals Bd.* (2007) 149 Cal.App.4th 724 [57 Cal.Rptr.3d 56].) Division Three held that Heiman had joint and several liability as an employer for workers' compensation purposes because he had hired an unlicensed and uninsured contractor, and the Association was liable as Heiman's principal. (*Id.* at pp. 738, 743–744.) The court further held, however, that the individual condominium owners were not liable for such benefits. (*Id.* at pp. 744–745.)

Aguilera then filed the present civil action for negligence against respondents and individual homeowners on April 16, 2007, almost 10 years after his injury.

Respondents demurred on grounds including the statute of limitations. The trial court ultimately sustained the demurrers without leave to amend. The trial court ruled that the applicable personal injury limitations period at the time of Aguilera's injury was one year. (Code Civ. Proc., former § 340, subd. (3).) The court further ruled that the doctrine of equitable tolling under *Elkins v. Derby* (1974) 12 Cal.3d 410 [115 Cal.Rptr. 641, 525 P.2d 81] did not apply to extend the statute of limitations.

---

[2] The trial court took judicial notice of documents from the workers' compensation case that reflected the dates upon which each respondent was joined as a defendant to the proceeding.

The trial court entered a judgment dismissing the action, and Aguilera timely appealed.

## STANDARD OF REVIEW

Aguilera incorrectly asserts that in reviewing the sustaining of demurrers this court examines the trial court's action for an abuse of discretion. Respondents, however, correctly state that this court applies two separate standards of review on appeal from a judgment of dismissal after a demurrer is sustained without leave to amend. (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.) We first review the complaint de novo to determine whether the complaint alleges facts sufficient to state a cause of action under any legal theory or to determine whether the trial court erroneously sustained the demurrer as a matter of law. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879 [6 Cal.Rptr.2d 151].) Second, we determine whether the trial court abused its discretion by sustaining the demurrer without leave to amend. (*Ibid.*) Under both standards, appellant has the burden of demonstrating that the trial court erred. (*Ibid.*) An abuse of discretion is established when "there is a reasonable possibility the plaintiff could cure the defect with an amendment." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081 [6 Cal.Rptr.3d 457, 79 P.3d 569].)

## CONTENTIONS

Aguilera asserts his action is not barred by the statute of limitations because it was equitably tolled while he was pursuing his workers' compensation remedy. He further asserts the principles of equitable estoppel should apply because it was respondents who prolonged the resolution of the workers' compensation case and respondents claim no prejudice due to the delay in filing the civil case.

Respondents contend the complaint as amended reveals on its face that the action is barred by the one-year statute of limitations then in effect for Aguilera's personal injury claim and equitable tolling does not apply because the action was already time-barred when respondents were joined as parties to the workers' compensation proceeding.[3] Respondents also contend that the amended complaint fails to state any claim that might be subject to the three-year statute of limitations, and there is no reasonable probability

---

[3] Although not reflected in the record before us, Heiman asserts in his brief that the petition for the joinder of Heiman and Association in the workers' compensation proceeding was filed by codefendant Hruby and not Aguilera. Appellant's reply brief does not dispute this assertion.

that Aguilera could cure the pleading's defect by amendment. Heiman further contends Aguilera's complaint was not properly before the trial court because Aguilera failed to allege the required jurisdictional fact that respondents were uninsured and thus subject to an action at law for damages.

## DISCUSSION

### 1. *Aguilera's Claim Is Barred by the One-year Statute of Limitations*

■ When Aguilera was injured on November 5, 1997, Code of Civil Procedure former section 340, subdivision (3) provided a one-year statute of limitations for personal injury actions. On January 1, 2003, Code of Civil Procedure section 335.1 took effect and extended the statute of limitations for personal injury suits to two years. The new two-year statute of limitations for personal injuries, however, was not retroactive. (*Krupnick v. Duke Energy Morro Bay* (2004) 115 Cal.App.4th 1026, 1028–1029 [9 Cal.Rptr.3d 767]; see *Mojica v. 4311 Wilshire, LLC* (2005) 131 Cal.App.4th 1069, 1073 [31 Cal.Rptr.3d 887].) ■ Statutes generally operate only prospectively, and "[a] new statute that enlarges a statutory limitations period [only] applies to actions that are not already barred by the original limitations period at the time the new statute goes into effect." (*Andonagui v. May Dept. Stores Co.* (2005) 128 Cal.App.4th 435, 440 [27 Cal.Rptr.3d 145].) To revive an expired claim, a new statute of limitations must be made expressly retroactive by the Legislature, and the Legislature made no such provision in enacting Code of Civil Procedure section 335.1. (*Andonagui*, at p. 440; see also *Moore v. State Bd. of Control* (2003) 112 Cal.App.4th 371, 378–379 [5 Cal.Rptr.3d 116] ["where the application of a new or amended statute of limitations would have the effect of reviving an already time-barred claim, the general rule against retroactive application of the statute is applicable in the absence of a clear indication of legislative intent to the contrary"].) "The reason for this rule is a judicial perception of unfairness in reviving a cause after the prospective defendant has assumed its expiration and has conducted his affairs accordingly." (*Gallo v. Superior Court* (1988) 200 Cal.App.3d 1375, 1378 [246 Cal.Rptr. 587]; see also *Douglas Aircraft Co. v. Cranston* (1962) 58 Cal.2d 462, 465 [24 Cal.Rptr. 851, 374 P.2d 819] ["These rules afford warning to potential defendants that until the statute of limitations has run it may be extended, whereas after it has run, they may rely upon it in conducting their affairs."].)

In *Krupnick v. Duke Energy Morro Bay, supra,* 115 Cal.App.4th 1026, the plaintiff alleged he sustained injuries on January 26, 2001. He filed his action on January 8, 2003. (*Id.* at p. 1027.) Under the one-year statute of limitations

that applied on the date he was injured, he had only until January 26, 2002, to file his complaint. (*Id.* at p. 1028.) The court held Code of Civil Procedure section 335.1 did not apply to save the plaintiff's action from the running of the statute of limitations, because his claim was already time-barred when the new two-year statute became effective on January 1, 2003, and the new statute did not operate retroactively to revive his action. (*Krupnick, supra,* at pp. 1028–1029.)

In the present case, when Aguilera was injured on November 5, 1997, the one-year provision of Code of Civil Procedure former section 340, subdivision (3) was in effect. The one-year period for Aguilera to bring a personal injury action expired on November 5, 1998. Thus, when the new Code of Civil Procedure section 335.1 two-year statute of limitations took effect on January 1, 2003, it did not operate retroactively to revive Aguilera's personal injury action.

## 2. *Equitable Tolling Does Not Apply to Extend the Statute of Limitations*

Aguilera contends his action is not barred by the one-year statute of limitations because it was equitably tolled while he was pursuing his workers' compensation remedy. He further asserts the principles of equitable estoppel should apply because it was respondents who prolonged the resolution of the workers' compensation case and respondents claim no prejudice due to the delay in filing the civil case.

### A. *Equitable Tolling Doctrine*

In *Elkins v. Derby, supra,* 12 Cal.3d 410, our Supreme Court formulated the principle of equitable tolling, applying the doctrine to situations " '[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.' " (*Id.* at p. 414, quoting *Myers v. County of Orange* (1970) 6 Cal.App.3d 626, 634 [86 Cal.Rptr. 198].)

In *Elkins v. Derby,* the plaintiff, who was injured while working, "reasonably and in good faith filed a *timely* claim for benefits" against his supposed employer but, after several months of adjudication, the Workers' Compensation Appeals Board determined he had not been an "employee" at the time of his injury because he received no compensation for his services. (*Elkins v. Derby, supra,* 12 Cal.3d at p. 412, italics added.) One month later, the plaintiff filed his personal injury action seeking recovery *against the same defendants* for the same injury that served as the basis for his workers' compensation claim. (*Id.* at p. 413.) The court held the statute of limitations was tolled for the

period during which the plaintiff had pursued his compensation remedy. The court stated: "[A]n awkward duplication of procedures is not necessary to serve the fundamental purpose of the limitations statute, which is to insure timely notice to an adverse party so that he can assemble a defense when the facts are still fresh. The filing of a compensation claim accomplishes this purpose and the tolling of the statute does not frustrate it." (*Id.* at p. 412.)

The equitable tolling doctrine rests on the concept that a plaintiff should not be barred by a statute of limitations unless the defendant would be unfairly prejudiced if the plaintiff were allowed to proceed. "[T]he primary purpose of the statute of limitations is normally satisfied when the defendant receives timely notification of the first of two proceedings." (*Elkins v. Derby, supra*, 12 Cal.3d at p. 417, fn. 3; see also *Collier v. City of Pasadena* (1983) 142 Cal.App.3d 917, 923 [191 Cal.Rptr. 681].) The doctrine has been applied "where one action stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 100 [84 Cal.Rptr.3d 734, 194 P.3d 1026], citing *Collier v. City of Pasadena, supra*, at p. 923.)

## B. *Essential Requirements for Equitable Tolling*

■ Equitable tolling requires that three essential elements be satisfied by the party seeking the tolling: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim."[4] (*Collier v. City of Pasadena, supra*, 142 Cal.App.3d at p. 924; see also *Addison v. State of California* (1978) 21 Cal.3d 313, 319 [146 Cal.Rptr. 224, 578 P.2d 941]; *Loehr v. Ventura County*

---

[4] In *Collier v. City of Pasadena, supra*, 142 Cal.App.3d at page 924, footnote 5, Division Seven of this court noted, "It is not altogether clear whether the Supreme Court would insist on all three prerequisites." The court observed in dictum that in two prior cases the statute was suspended until termination of the first litigation when the first litigation, if successful, would reduce damages sought in the second litigation, even though the second action was brought against an entirely different defendant. (*Id.* at p. 925, fn. 7; see *Tu-Vu Drive-In Corp. v. Davies* (1967) 66 Cal.2d 435, 437 [58 Cal.Rptr. 105, 426 P.2d 505] [after plaintiff unsuccessfully prosecuted third party claim in first litigation, second action brought against attorney who secured wrongful levy upon plaintiff's movie equipment]; *County of Santa Clara v. Hayes Co.* (1954) 43 Cal.2d 615, 618 [275 P.2d 456] [statute against publisher for defective publication of county charter tolled while county attempted to secure approval of charter from Legislature].) However, the Supreme Court has recently clarified that the judicially created equitable tolling rule "require[s] a showing of [all] three elements." (*McDonald v. Antelope Valley Community College Dist., supra*, 45 Cal.4th at p. 102 & fn. 2.)

*Community College Dist.* (1983) 147 Cal.App.3d 1071, 1085 [195 Cal.Rptr. 576]; and see *Mojica v. 4311 Wilshire, LLC, supra,* 131 Cal.App.4th at p. 1073.) The requirement of timely notice basically means the first claim must have been filed within the statutory period; the filing of the first claim also must have alerted the defendant in the second claim of the need to begin investigating the facts that form the basis for the second claim. (*Collier v. City of Pasadena, supra,* at p. 924.) Normally, this means the defendant in the first claim is the same one being sued in the second. (*Ibid.*) The second prerequisite in essence translates into a requirement that the facts of the two claims be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second. (*Id.* at p. 925.) So long as the defendant is timely placed on notice by the first claim so he can investigate in order to "appropriately defend" the second claim, "it is irrelevant whether those two claims are alternative or parallel, consistent or inconsistent, compatible or incompatible." (*Id.* at pp. 925, 926.)

### C. *No Timely Notice to Respondents*

◼ In the instant case, Aguilera timely filed for workers' compensation on January 26, 1998, a little over two months after his injury. But it is undisputed that he filed the workers' compensation claim naming as defendant only Hruby as his employer, together with the UEF because Hruby was uninsured.[5] Aguilera admits Heiman was not joined as a defendant to the workers' compensation proceeding until June 16, 1999, and the Association was joined on August 12, 1999. This was seven months and nine months, respectively, after the one-year statute of limitations had already expired.

### i. *The* Valdez *Case Does Not Apply*

Relying on *Valdez v. Himmelfarb* (2006) 144 Cal.App.4th 1261 [51 Cal.Rptr.3d 195] (*Valdez*), Aguilera claims his action was not barred by the statute of limitations because the statute was equitably tolled while he pursued his workers' compensation claim. In *Valdez,* the plaintiff was injured in July 2001. The plaintiff brought a *timely* workers' compensation claim *against his employer.* (*Id.* at pp. 1266, 1274.) In August 2002, the plaintiff discovered his employer lacked workers' compensation insurance, and thereafter he brought a personal injury action against his employer in May 2003. (*Ibid.*) Reversing the trial court, Division Seven held that the plaintiff's civil action was timely filed. (*Id.* at pp. 1268–1269.) The court held that Labor Code

---

[5] Aguilera states the UEF became a party to the workers' compensation proceeding on January 29, 1998, three days after he filed a workers' compensation claim, when it was discovered Hruby was uninsured.

section 3706 allowed an employee, in addition to his workers' compensation claim, a tort action against an uninsured employer. (*Valdez*, at p. 1268.) Labor Code section 3706, the court held, creates a statutory cause of action governed by a three-year statute of limitations, and the plaintiff timely filed his section 3706 action within three years of his injury. (*Valdez*, at pp. 1268–1271.) Alternatively, even if the former one-year statute of limitations for negligence actions applied, the court held the plaintiff's civil action was timely because the statute was tolled until the plaintiff obtained a "final determination" of his workers' compensation claim.[6] (144 Cal.App.4th at pp. 1268, 1270–1271.)

### ii. *No Timely Notice to "Employers"*

The *Valdez* court's analysis turned, as in *Elkins v. Derby*, upon the employer's timely notice of the workers' compensation claim. *Valdez* noted that "[i]n a case such as the one before us, where the employer knows it is uninsured, it has an even greater incentive to initially gather evidence of fault because it can anticipate having to rebut the presumption of negligence in a civil action . . . ." (*Valdez, supra*, 144 Cal.App.4th at p. 1273.) *Valdez* therefore does not provide the support Aguilera seeks.

Here, unlike in *Valdez*, respondents were not named within the limitations period. The elements of equitable tolling are not present in Aguilera's case. No proceeding of any sort was filed against respondents within the then-applicable one-year statute of limitations.[7] Heiman was first added as a defendant in the workers' compensation proceeding more than one and a half years after the injury, and the workers' compensation judge ordered the Association joined as a defendant in that proceeding two months after that. *Collier* noted that under ordinary circumstances a workers' compensation claim generally "would not equitably toll a personal injury action against a third party who might also be liable for the injury." (*Collier v. City of Pasadena, supra*, 142 Cal.App.3d at pp. 924–925.) Accordingly, the trial court did not err in deciding Aguilera's action is barred by the statute of limitations.

---

[6] The court defined "final determination," not in terms of a final adjudication of the claimant's permanent disability, which "may not occur for 10 years or more after the claim is filed," but rather as "a threshold determination such as the claimant's lack of eligibility or the employer's lack of insurance which would trigger the claimant's right to seek a tort remedy in a civil action." (*Valdez, supra*, 144 Cal.App.4th at pp. 1274–1275.)

[7] Putting aside the issue of who stood in the shoes of Aguilera's "employer," if Aguilera suspected the homeowners, the homeowners' association, the property management company or any other unknown third party to be responsible for his injuries, he could and should have filed a civil action, naming such parties as defendants or adding Does to his complaint, within the one-year period. (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1110 [245 Cal.Rptr. 658, 751 P.2d 923] [statutory clock begins to run when plaintiff suspects or should suspect injury was caused by wrongdoing].)

### iii. *Applicability of* McGee

We find further support for our holding in our recent opinion in *McGee Street Productions v. Workers' Comp. Appeals Bd.* (2003) 108 Cal.App.4th 717 [133 Cal.Rptr.2d 813] (*McGee*), a case that neither party cited to this court or to the trial court. We held in *McGee* that the Workers' Compensation Appeals Board may not allow joinder of a new party after the expiration of the one-year statute of limitations for the filing of a serious and willful · misconduct claim. (*Id.* at pp. 719, 725–726.) In *McGee*, the respondent, the wife of a worker who suffered a heart attack on a movie set, timely filed a workers' compensation claim for a specific and cumulative trauma injury on behalf of herself, her husband and their dependent children against the husband's general employer. (*Id.* at p. 720.) When the heart attack proved fatal, respondent, within one year of her husband's death, timely filed a second petition against the general employer alleging serious and willful misconduct. (*Ibid.*) More than one year after the date of death, respondent sought to file an amended petition naming the special employer as an additional defendant, and the board issued an order for joinder. Still later, the respondent filed a second amended petition naming a second "responsible party." (*Id.* at pp. 720–721.) The respondent argued that the amendments adding new parties related back to the original petition. (*Id.* at p. 721.) On review of a petition for reconsideration, the board agreed. (*Id.* at p. 722.)

We annulled the board's order. We applied an analogy to civil cases, stating: "[W]e refer to the familiar rule that under the Code of Civil Procedure, a complaint may not be amended to add a new defendant after the statute of limitations has run." (*McGee, supra*, 108 Cal.App.4th at p. 724; see also *Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 175–178 [89 Cal.Rptr.2d 20] [amended complaint adding new defendant does not relate back to original complaint].) We recognized that application of the civil statute of limitations law to workers' compensation cases is not a "perfect fit," because no Doe parties are permitted in workers' compensation proceedings. (*McGee, supra*, at p. 725.) Of greater significance, the respondent was not ignorant of the identity of the employer who exercised control over the details of her husband's work when she filed the serious and willful misconduct petition. The second amended petition further did not allege the respondent discovered any new information or explain why she could not have obtained such information earlier. (*Ibid.*) We concluded that "[t]he policies of avoiding the presentation of stale claims and of putting parties on notice of potential liability are not furthered by [a] rule . . . that naming a general employer in a petition ipse dixit permits the addition of a special employer after the running of the limitations period." (*Id.* at pp. 725–726.)

■ Although *McGee* dealt specifically with a "serious and willful" petition, our Supreme Court has held that, even in an ordinary claim for workers' compensation, " '[t]he general rule is well settled that, when new parties are brought in by amendment, the statute of limitations continues to run in their favor until thus made parties. The suit cannot be considered as having been commenced against them until they are made parties.' " (*Ingram v. Department of Industrial Relations* (1930) 208 Cal. 633, 642–643 [284 P. 212] [timely filing of workers' compensation claim against husband alone for worker's injury on property did not estop wife, the true owner of property, from interposing bar of limitations when she was guilty of no act or commission or omission prejudicing workers' rights prior to running of statute]; see *Fahey v. Industrial Acc. Com.* (1938) 29 Cal.App.2d 570 [84 P.2d 1075] [when worker in cumulative trauma case had knowledge of identity of all past employers but filed claim against only one, attempt to join additional employers after running of statute barred]; 2 Hanna, Cal. Law of Employee Injuries and Workers' Compensation (rev. 2d ed. 2009) § 24.03[1], p. 24-13 ["[a]n employee's attempt to amend an application for the purpose of joining additional parties after the expiration of the one-year limitations period may be barred, based on the rule that the statute of limitations continues to run in favor of the new parties until they are actually joined"]; see also *Freeman v. State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 489–490 [121 Cal.Rptr. 477, 535 P.2d 341] [*Elkins v. Derby* did not toll running of statute of limitations when civil plaintiff believed two persons may have been responsible jointly or alternatively for auto collision resulting in his injury but chose to file suit against only one]; but see *State Comp. Ins. Fund v. Ind. Acc. Com.* (1945) 26 Cal.2d 278, 284–285 [158 P.2d 195] [voluntary payment of compensation by special employer tolled limitation statute against general employer].)[8]

## D. *No Estoppel by Workers' Compensation Appeal*

We disregard Aguilera's contention that respondents' conduct in pursuing, or responding to, the petition for writ of review of the decision of the Workers' Compensation Appeals Board so prolonged that proceeding that their conduct estops them from invoking the statute of limitations. We focus on respondents' conduct prior to the running of the statute of limitations, not afterwards. (See *McGee, supra*, 108 Cal.App.4th at pp. 726–727.) Neither the

---

[8] Our holding is directed to whether equitable tolling applies to a civil action against respondents under the unique circumstances of this case. We do not here decide whether respondents are otherwise subject to pay compensation to Aguilera under the workers' compensation statutes.

amended complaint nor the record shows any conduct or omission on respondents' part that might have induced Aguilera to refrain from filing a claim until after the statute of limitations had run. (*Ibid.*)

### 3. *Time Bar Under Three-year Statute of Limitations*

Aguilera has not suggested he can cure the statute of limitations problem by amending his pleading to allege respondents' noncompliance with Labor Code section 3700, thereby triggering the three-year limitations period applicable to Labor Code section 3706 claims. In the court below, he stated it was "unlikely" that the three-year statute of limitations applies in this case. On appeal, Aguilera makes no claim a three-year limitations period applies but rather relies solely on the argument the one-year limitations period was equitably tolled by his workers' compensation proceeding. We address this issue because it relates to the question whether Aguilera can amend his complaint.

The Association argues that even if such an argument were made, Aguilera's civil action would still be time-barred under a three-year statute of limitations. Assuming, without deciding, that a three-year statute of limitations applies, accrual of a Labor Code section 3706 cause of action is delayed only until discovery of the employer's noncompliance with Labor Code section 3700. Thus, accrual is delayed only until the employee has "the opportunity to obtain" knowledge of the employer's noncompliance " ' " 'from sources open to [his] investigation.' " ' "[9] (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 808 [27 Cal.Rptr.3d 661, 110 P.3d 914], italics omitted; see *id.* at p. 807 ["Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period."].)

Using the discovery basis for accrual, Aguilera's Labor Code section 3706 claim accrued no later than June 16, 1999, for Heiman, and August 12, 1999, for the Association, as those were the dates they were joined as defendants in the workers' compensation proceeding. The last day to commence an action under Labor Code section 3706 therefore was June 16, 2002, for Heiman, and

---

[9] The Association points out that the Legislature has provided a quick and easy reference source, the Workers' Compensation Insurance Rating Bureau (Bureau), which is open to investigation by employees wishing to determine if an employer has complied with Labor Code section 3700. (See Lab. Code, § 3715, subd. (c) [nonexistence of record of employer's insurance with Bureau is prima facie evidence that employer has failed to secure payment of workers' compensation].)

August 12, 2002, for the Association. Had Aguilera checked at that time, he would have known if Heiman or the Association had failed to comply with Labor Code section 3700 and an action at law for damages could be filed in addition to his remedies under workers' compensation. Thus, even under a three-year statute of limitations, Aguilera's complaint filed on April 16, 2007, would have been time-barred.

We have found no reported appellate court decision that has applied the equitable tolling doctrine to suspend the running of the three-year statute of limitations applicable to Labor Code section 3706 causes of action. In *Valdez*, Division Seven of this court applied the equitable tolling doctrine to the *one-year* statute of limitations applicable to personal injury claims. (*Valdez, supra*, 144 Cal.App.4th at p. 1270, fn. 20.) The *Valdez* court did not have occasion to apply the doctrine to the *three-year* statute of limitations because Valdez filed his civil action within three years from the date of injury. (*Ibid.*) *Valdez*, however, observed that "tolling may end if the employer can show the plaintiff has unreasonably delayed a final determination as to whether the employer is insured." (*Id.* at p. 1275.) Under the facts of this case, in which Aguilera knew or had the means to know in 2002 that he had a civil action at law against respondents but waited over four and a half years further to bring his action, we decline to extend *Valdez*'s holding to toll the running of the three-year statute of limitations.

### 4. *Amendment of Complaint*

When a demurrer is sustained without leave to amend, we must determine whether there is a reasonable possibility the plaintiff can cure the defect by amendment. If so, the trial court has abused its discretion, and we reverse; if not, no abuse of discretion has occurred, and we affirm. (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.) The plaintiff has the burden of proving an amendment will cure the defect. (*Ibid.*; see also *Schifando v. City of Los Angeles, supra*, 31 Cal.4th 1074, 1081.)

Appellant has not indicated or demonstrated that he could allege facts that would cure the defective complaint by amendment. We have independently ascertained that he cannot amend to state a claim under Labor Code section 3706. Accordingly, the trial court properly exercised its discretion in sustaining the demurrers without leave to amend.[10]

---

[10] In light of our holding, we need not reach the parties' other contentions.

## DISPOSITION

The judgment of dismissal as to respondents Heiman and the Association is affirmed. Respondents are to recover costs on appeal.

Rubin, Acting P. J., and Bigelow, J., concurred.