Filed 4/19/13  Soderstrom v. Chen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RANDY LEE SODERSTROM, | |
| Plaintiff and Appellant, | G047048 |
| v. | (Super. Ct. No. 30-2008-00106810) |
| RAY CHEN et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Andrew P. Banks, Judge.  Affirmed.

Randy Lee Soderstrom, in propria persona, for Plaintiff and Appellant.

Beam, Brobeck, West, Borges & Rosa, David J. Brobeck, Stephen J. Martino, and Edward J. Reid for Defendants and Respondents.

\*        \*        \*

Plaintiff Randy Lee Soderstrom (a former criminal defendant) appeals from a judgment of dismissal of his legal malpractice action after the court set aside a stay and then sustained, without leave to amend, the demurrer of defendants Ray Chen (his former criminal defense lawyer), Marri Derby, and the County of Orange (sued as the Orange County Alternate Defender) on grounds the action was barred by the statute of limitations. Plaintiff contends he was entitled under *Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1199 (*Coscia*) to a stay of proceedings on his malpractice action while he sought exoneration through postconviction relief. We disagree and affirm the judgment.

FACTS[1]

In November 2004, plaintiff was convicted of attempted voluntary manslaughter and other crimes. The court sentenced him to 12 years in prison.

On December 20, 2005, plaintiff petitioned this court for a writ of habeas corpus, alleging, inter alia, multiple instances of ineffective assistance of counsel by the County of Orange and alternate public defender Ray Chen (who served as plaintiff's trial counsel in the criminal case). In June 2007, we denied plaintiff's habeas corpus petition and also affirmed the judgment on appeal. Our Supreme Court subsequently denied plaintiff's petition for review. Plaintiff then filed a habeas corpus petition with the federal district court.

On May 15, 2008, plaintiff filed his legal malpractice complaint against defendants. On July 2, 2008, defendants demurred and moved to strike the complaint.

---

[1] The record does not contain plaintiff's original or first amended complaint. We take our factual recitation from the superior court's register of actions, plaintiff's December 20, 2005 petition for habeas corpus, defendants' demurrer to plaintiff's first amended complaint, and defendants' motion to set aside the stay.

On July 24, 2008, plaintiff moved to stay the action. On August 20, 2008, plaintiff filed a first amended complaint. On August 22, 2008, the court granted plaintiff's motion for a stay.

Three and one-half years later, in February 2012, defendants demurred to plaintiff's first amended complaint on grounds it was barred on its face by the statute of limitations. In the demurrer, defendants contended plaintiff's first amended complaint (1) presented claims that were "virtually identical" to the grounds in his December 20, 2005 habeas corpus petition, and (2) alleged errors "in [defendants'] representation of plaintiff during his 2004 criminal trial. Specifically, plaintiff allege[d] that after trial[,] counsel . . . refused to provide plaintiff his 'trial file.' Plaintiff claim[ed] he finally received the 'trial file' in November 2006 whereupon he 'discovered . . . previously unavailable memoranda.'" From these allegations, defendants inferred that "[p]resumably plaintiff's 'claims' originate from these once unavailable memoranda."

In March 2012, defendants moved to set aside the stay of the proceedings, stating they intended to challenge the timeliness of plaintiff's complaint, an issue that should have been addressed before a stay was issued.

In April 2012, the court granted defendants' motion to set aside the stay, sustained defendants' demurrer on plaintiff's first amended complaint without leave to amend, and entered judgment in defendants' favor.

## DISCUSSION

On appeal plaintiff contends *Coscia*, *supra*, 25 Cal.4th 1194, precludes dismissal at this stage because he is still pursuing his postconviction remedies in federal

court.[2] Defendants argue plaintiff was never entitled to a stay under *Coscia* because he filed his initial complaint after the statute of limitations had expired.

In 2008, when plaintiff filed his initial complaint, the statute of limitations for legal malpractice claims generally required the action to "be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, *whichever occurs first.*" (Code Civ. Proc., § 340.6, subd. (a), italics added.)[3]

---

[2] In a footnote in plaintiff's opening brief, he requests we take judicial notice of the "proceedings, pleadings and exhibits in the federal district court and Ninth Circuit Court of Appeals." We deny the request. Rule 8.252(a)(1) of the California Rules of Court requires the service and filing of a separate motion with a proposed order. The motion must state why the matter is relevant, whether the matter was presented to the trial court, and whether the matter relates to proceedings occurring after the appealed judgment. (Rule 8.252(a)(2).) And if the matter to be noticed is not in the record, the party requesting judicial notice must serve and file a copy of the matter with the motion. (Rule 8.252(a)(3).) Plaintiff did not comply with any of these requirements.

[3] All statutory references are to the Code of Civil Procedure.
Section 340.6, subdivision (a)(4) provides for the tolling of the limitations period while the "plaintiff is under a legal or physical disability which restricts the plaintiff's ability to commence legal action." On appeal plaintiff does not argue he was under a legal disability due to his imprisonment within the meaning of section 352.1, subdivision (a). In any case, section 352.1, subdivision (a) does not apply to an action against a public entity or employee. (*Id.*, subd. (b).)
Effective January 1, 2010, section 340.6 was amended (stats. 2009, ch. 432, § 2) to add the following statement: "If the plaintiff is required to establish his or her factual innocence for an underlying criminal charge as an element of his or her claim, the action shall be commenced within two years after the plaintiff achieves postconviction exoneration in the form of a final judicial disposition of the criminal case." This amendment does not apply to the case before us. The amended statute does *not* state the amendment applies retroactively. "'Generally, statutes operate prospectively only.'" (*Krupnick v. Duke Energy Morro Bay* (2004) 115 Cal.App.4th 1026, 1028.) "[A]s a rule of statutory construction, it is established that an enlargement of limitations operates prospectively unless the statute expressly provides otherwise. [Citations.] The reason for this rule is a judicial perception of unfairness in reviving a cause after the prospective defendant has assumed its expiration and has conducted his affairs accordingly." (*Id.* at

4

In *Coscia*, our Supreme Court held that, in order to prevail in a criminal malpractice action, a plaintiff (former criminal defendant) must establish his or her actual innocence of the underlying criminal charges by obtaining (1) reversal of the conviction or (2) some other exoneration by postconviction relief. (*Coscia*, *supra*, 25 Cal.4th at p. 1201.) But *Coscia* recognized that this requirement could "create an inherent statute of limitations problem," because, in most cases, the statute of limitations would expire long before a plaintiff could complete the often lengthy postconviction process. (*Id.* at p. 1207.)

To forestall this problem, *Coscia* adopted a "two-track approach" that would be fair "to both plaintiffs and defendants in criminal malpractice actions." (*Coscia*, *supra*, 25 Cal.4th at p. 1210.) Under this approach, "the plaintiff must file a malpractice claim within the one-year or four-year limitations period set forth in . . . section 340.6, subdivision (a). Although such an action is subject to demurrer or summary judgment while a plaintiff's conviction remains intact, the court should stay the malpractice action during the period in which such a plaintiff timely and diligently pursues postconviction remedies. . . . By this means, courts can ensure that the plaintiff's claim will not be barred prematurely by the statute of limitations. This approach at the same time will protect the interest of defendants in attorney malpractice actions in receiving timely notice and avoiding stale claims." (*Id.* at pp. 1210-1211, citation omitted.)[4] In adopting this two-track approach, *Coscia* expressly rejected the alternative option of *tolling* the statute of limitations while a defendant sought exoneration by

p. 1029.) "Furthermore, '[u]nder the familiar rule of construction, *expressio unius est exclusio alterius*, where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed.'" (*Ibid.*)

[4] Because plaintiff failed to comply with the statute of limitations, we need not examine *Coscia's* statement that "an action is subject to demurrer or summary judgment while a plaintiff's conviction remains intact." (*Coscia*, *supra*, 25 Cal.4th at p. 1210.)

postconviction relief. (*Id*. at p. 1210.) Thus, under *Coscia*, a plaintiff must file a criminal malpractice action *before* the statute of limitations expires, in order to obtain a stay of proceedings. (*Ibid*; see also *Rose v. Hudson* (2007) 153 Cal.App.4th 641, 646.)

Here, plaintiff fails to show he complied with the statute of limitations. On December 20, 2005, he filed a habeas corpus petition alleging multiple deficiencies in his trial counsel's performance, thereby demonstrating his knowledge of the alleged facts constituting his lawyer's wrongful acts or omissions. Yet, he did not file his original complaint until almost two and one-half years later, rather than within the one-year limitations period mandated by section 340.6, subdivision (a). Because the appellate record does not contain plaintiff's original or first amended complaint, it is unclear whether any of his malpractice claims differ from his ineffective assistance of counsel allegations in his habeas corpus petition. Nor does plaintiff's opening brief (he did not file a reply brief) even mention the statute of limitations or the issue of whether he timely filed his malpractice action. Furthermore, his opening brief contains no legal argument or citation to legal authority concerning the court's sustaining, without leave to amend, defendants' demurrer to his first amended complaint.

An appellant bears the burden of providing an adequate record to establish prejudicial error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Furthermore, an appellant's brief must "'contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.'" (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522.) These rules apply equally to in propria persona appellants. (*Id.* at p. 523; see also *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543; *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) Plaintiff has failed to overcome the presumption that the trial court's judgment was correct. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.)

DISPOSITION

The judgment is affirmed. Defendants shall recover costs on appeal.


IKOLA, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


BEDSWORTH, J.