**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONNA M. AVILA, | No. 11-17099 |
| Plaintiff, | D.C. No. 3:99-cv-03941-SI |
| and | |
| RONALD JASON AVILA; et al., | MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| v. | |
| WILLITS ENVIRONMENTAL REMEDIATION TRUST; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted April 16, 2013[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: GRABER and CHRISTEN, Circuit Judges, and TUNHEIM,[***] District
Judge.

This is the second appeal in a toxic tort action by individuals who allege injuries resulting from contamination at a chrome-plating facility in Willits, California, that was formerly owned or operated by Defendants and their predecessors. In Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828 (9th Cir.), cert. denied, 132 S. Ct. 120 (2011), we reversed a 2003 summary judgment, on statute-of-limitations grounds, against 160 plaintiffs. On remand, the district court ruled that the claims of 86 of those plaintiffs are still time-barred; they now appeal. Plaintiff Michael Woertink, whose claim was dismissed as time-barred in 2003 but who did not join in the first appeal, also seeks review.

1. The district court properly ruled that Plaintiffs' claims are time-barred. A one-year statute of limitations applies. Cal. Civ. Proc. Code § 340(3) (2001); Stats. 2002, c. 448 (S.B. 688); see O'Connor v. Boeing N. Am., Inc., 311 F.3d 1139, 1149–50 (9th Cir. 2002) (explaining the effect of 42 U.S.C. § 9658(b)(4)(A) on statutes of limitations and accrual of personal injury claims arising from toxic

---

[***] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

2

releases).[1]  In the first appeal, we held that "Plaintiffs should have known that Remco was the likely cause of their injuries no later than August 24, 2000."  Avila, 633 F.3d at 843.  We remanded for the court to decide whether particular plaintiffs' claims accrued even earlier.  Id.  The district court assumed that all Plaintiffs' claims accrued at the latest possible date allowed by our first decision—August 24, 2000—and dismissed those claims because Plaintiffs all filed suit more than a year after that starting point.

2.  In its 2003 summary judgment order, the district court held that Plaintiff Woertink's claims were barred by the statute of limitations; he filed suit on October 1, 2001.  The district court entered a final judgment in 2009.  A timely notice of appeal was filed on behalf of numerous plaintiffs, including Woertink, but he was removed from the *amended* notice of appeal.  Although Woertink was included in the 2011 notice of appeal, that notice is timely only as to the district court's decision on remand after the previous appeal.  That decision did not affect

---

[1] Plaintiffs argue in this second round of the appeal that the two-year limitations period provided by section 340.8 of the California Code of Civil Procedure, which took effect in 2004, should apply.  But they failed to raise this argument in the first-round, 2009 appeal, so it is waived.  Lowery v. Channel Comm'ns, Inc. (In re Cellular 101, Inc.), 539 F.3d 1150, 1155 (9th Cir. 2008).  In any event, under California law the older statute of limitations applies to Plaintiffs' claims.  Krupnick v. Duke Energy Morro Bay, L.L.C., 9 Cal. Rptr. 3d 767, 769 (Ct. App. 2004).

3

Woertink's claims that had been dismissed in the 2003 order because Woertink did not timely appeal the dismissal in 2009. Because the time limit for filing an appeal in a civil case, Fed. R. App. P. 4(a), is jurisdictional, <u>Bowles v. Russell</u>, 551 U.S. 205, 209, 214 (2007), we lack authority to consider any substantive issues regarding the 2003 order.

AFFIRMED.