NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOROTHY L. COLE, | No. 15-56120 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-08658-GW-RZ |
| v. | |
| LYNWOOD UNIFIED SCHOOL DISTRICT, a Public Entity, | MEMORANDUM [*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted February 6, 2017[**]
Pasadena, California

Before: KLEINFELD, IKUTA, and NGUYEN, Circuit Judges.

Dorothy Cole alleges that the Lynwood Unified School District

("Lynwood") improperly terminated her and denied her promotions because of her

race, age, and disability, and in retaliation for lodging complaints. The district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court granted summary judgment in favor of Lynwood.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.**  Cole's California Fair Employment and Housing Act ("FEHA") claims are time-barred.  *See* Cal. Gov't Code § 12960(d) (establishing a limitations period of one year plus ninety days).  She was terminated on February 28, 1999 and denied promotions in February 2009 and June 2010.  Because she did not file her Department of Fair Employment and Housing complaint within one year plus ninety days of these adverse employment decisions, her FEHA claims are untimely.

**2.**  Cole's racial discrimination claim under 42 U.S.C. § 1981 is also time-barred.  *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (noting that "federal courts borrow the forum state's limitations period for personal injury torts" for § 1981 discrimination claims); *Krupnick v. Duke Energy Morro Bay, L.L.C.*, 9 Cal. Rptr. 3d 767, 768 (Ct. App. 2004) (noting the two-year statute of limitations for personal injury).  Because Cole did not file her complaint within two years of being denied the promotions, her § 1981 claim based on racial discrimination is untimely.

**3.**  Even assuming Cole's retaliation claim under 42 U.S.C. § 1981 is timely, the claim fails on the merits.  Cole contends that she was not promoted because she complained to her teacher's union and the school district.  Her complaints,

2

however, were lodged after her rejections for the director and coordinator positions. Therefore, Cole cannot establish a prima facie case of retaliation. *See, e.g.*, *Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006) (explaining that in order to establish a prima facie case of retaliation, a plaintiff must show a causal link between the protected activity and an adverse employment action).

**4.** Even assuming Cole's retaliation claim under the Rehabilitation Act is timely, the claim fails on the merits. Lynwood asserts that it terminated Cole pursuant to the then-existing California Education Code. Since Lynwood has advanced a legitimate reason for terminating Cole, the burden shifts to Cole to explain why that reason was pretextual. *See Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1124 (9th Cir. 2000) ("[P]laintiff must show that the articulated reason is pretextual 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981))). Cole fails to point to any evidence or explain how any alleged discrimination led to the adverse employment decision, and therefore summary judgment in favor of Lynwood was properly granted.

**AFFIRMED.**

3