Filed 10/9/13  Youkhna v. America's Wholesale Lender CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| SARGON YOUKHNA,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>AMERICA'S WHOLESALE LENDER et al.,<br><br>        Defendants and Respondents. | B244068<br>(Los Angeles County<br>Super. Ct. No. ES056859) |

        APPEAL from an order of the Superior Court of Los Angeles, Laura A. Matz, Judge.  Affirmed.

        Sargon Youkhna, in pro. per., for Plaintiff and Appellant.

        McGuire Woods, Leslie M. Werlin and Lila Y. Al-Marhoon for Defendants and Respondents.

Appellant Sargon Youkhna contends the trial court abused its discretion in sustaining a demurrer to three of the claims asserted in his complaint without leave to amend. We find no error and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Underlying Complaint*

In October 2011, appellant, acting in pro per, filed a complaint against America's Wholesale Lender (AWL), ReconTrust Company, N.A. (ReconTrust), "Countrywide Bank," "Bank of America Home Loans," and "MERS, Inc."[1] Respondents filed a demurrer. While it was pending, appellant substituted a first amended complaint (FAC).

The FAC lacked coherence and organization, making summarization of its claims difficult. The claims apparently arose out of appellant's February 2006 purchase of a residential property in La Canada-Flintridge financed by AWL, in whose favor appellant executed a promissory note secured by a deed of trust.[2]

---

[1] Respondents explained that (1) AWL is or was a trade name for Countrywide Home Loans, Inc. (Countrywide); (2) in 2009, Countrywide Bank was merged into Bank of America, N.A. (Bank of America); (3) to their knowledge, there is no entity called "Bank of America Home Loans," although there is a "BAC Home Loans Servicing, L.P.," which merged into Bank of America in 2011; (4) the full name of the entity sued as "MERS, Inc." (MERS) is "Mortgage Electronic Registration Systems, Inc." AWL/Countrywide, Bank of America, MERS, and ReconTrust appeared in the underlying action as defendants and filed a joint respondents' brief herein.

[2] Attached as an exhibit to the FAC was a deed of trust describing appellant as the "borrower" and the "owner" of the subject property, AWL as the "[l]ender," ReconTrust as the "[t]rustee," and MERS as "a nominee for Lender and Lender's successors and assigns" and as "the beneficiary under this Security Instrument." The deed of trust stated that appellant owed $693,000 to AWL and that the obligation was evidenced by a promissory note. According to the terms of the deed of trust, "Borrower [appellant] understands and agrees that MERS holds only legal title to the interest granted by Borrower in this Security Instrument, but if necessary to comply with law or custom, *(Fn. continued on next page.)*

2

Two of the three claims at issue in this appeal, which appellant called the third and fourth counts of the first cause of action, were entitled "[d]eclaratory [r]elief" and "[e]xistence of [a]n [o]bligation – [n]o [c]reation of [r]ights."[3] The third count alleged that AWL had not loaned any of its own money to appellant, that it entered into transactions with investors or holders of "[m]ortgage [p]ass-[t]hrough [c]ertificates" in order to "maximize as much profit as it could by leveraging other people's money without risking or using any of [its] own capital," that the certificate holders' rights "extended solely to payments from the security offering as a whole" and "d[id] not extend to [appellant] and his property separately or individually apart from the complete mortgage pool," and that somehow as a result

MERS . . . has the right:  to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property . . . ."  Also attached was a notice of default/trustee's sale dated May 2011 stating that ReconTrust acting on its authority as trustee intended to sell the property in June 2011 at public auction.

[3]    Appellant divided his claims into three "cause[s] of action" and subdivided the first cause of action into four "counts."  The first "count" of the first "cause of action" -- entitled "[d]eclaratory [r]elief [and] [f]raud in the [e]xecution" -- alleged that AWL offered "direction[] and advice as to whether or not [appellant] was qualified and could afford to repay the purported loan," and that appellant was induced to enter the loan under the belief that AWL funded it with its own capital.  The first count further contended that AWL failed to inform appellant that it had or intended to "sell[] [the loan] 'forward'" prior to funding it, "as part of a purchase and s[ale] of securities offering," and that appellant's loan transaction was "subject to undisclosed agreements and stipulations for the benefit of third parties" which appellant "did not bargain or negotiate."  The second "count" of the first cause of action -- entitled "[d]eclaratory [r]elief [and] [f]ailure of [c]onsideration" -- contended that appellant received no consideration in exchange for his promissory note because defendants failed to loan their own money, causing "the trust deed and underlying purported obligation" to become "invalid and unenforceable . . . ."  The second cause of action -- entitled injunctive relief -- contended that when ReconTrust caused a notice of default to be recorded, there had been no breach because the transaction was "void," and that any breach was excusable.  We do not focus on these claims as appellant makes no reference to them in his brief on appeal and has therefore forfeited any contention that dismissal of these counts was error.  (See *Doe v. California Dept. of Justice* (2009) 173 Cal.App.4th 1095, 1113.)  However, some of the allegations are necessary to understanding the claims he seeks to revive.

3

of these alleged facts, an actual controversy had arisen concerning whether there was a right to exercise a power of sale or foreclose on the subject property. The fourth count, asserted against MERS alone, alleged that MERS had "no actual legal or beneficial interest" in the property, and that an actual controversy had arisen over whether MERS had the right to exercise a power of sale on the property or to foreclose on it.[4]

The third cause of action for an accounting stated, without specifically alleging that defendants owed appellant any amount or describing the nature of any obligation, that "[t]he amount of money defendants owe[] to [appellant] is unknown to [appellant] and cannot be determined without an accounting." In the prayer for relief, the FAC sought, among other things, a declaration that the "written instruments described above are void and of no force or effect" and an injunction restraining ReconTrust and Bank of America from selling the subject property under the power of sale in the deed of trust.

B. *Demurrer*

Respondents demurred to the FAC. They argued that the first count for fraud was insufficiently pled, as it did not state the identity of the persons who made the alleged misrepresentations or specify what was said or when it was said. They noted, moreover, that any fraud claim would be barred by the applicable three-year statute of limitations. Respondents contended that appellant's claim of

---

[4]     As explained in *Fontenot v. Wells Fargo Bank, N.A*. (2011) 198 Cal.App.4th 256, 267: "MERS is a private corporation that administers a national registry of real estate debt interest transactions. Members of the MERS System assign limited interests in the real property to MERS, which is listed as a grantee in the official records of local governments, but the members retain the promissory notes and mortgage servicing rights. The notes may thereafter be transferred among members without requiring recordation in the public records."

failure of consideration (the second count of the first cause of action) was refuted by the deed of trust attached as an exhibit to the FAC, which indicated that appellant had been lent $693,000, which he used to purchase the subject property. They further contended that any attempt at rescission of the obligation was invalid because not accompanied by an offer of tender. Additionally, an attempt to rescind a 2006 agreement would be barred by the four-year statute of limitations.

With respect to the third count of the first cause of action (declaratory relief and "[e]xistence of [a]n [o]bligation – [n]o [c]reation of [r]ights" against all defendants), respondents argued that it was essentially a re-hash of the failure of consideration count. To the extent appellant sought to base a claim on "securitization" of the debt, he had not sufficiently alleged that had occurred.[5] Moreover, the fact that a note has been securitized or resold does not render the underlying obligation unenforceable under California law. Concerning the fourth count, challenging MERS's authority to act, respondents asserted that California law supported MERS's authority to foreclose, as did the express language of the deed of trust executed by appellant.

Turning to the second cause of action (injunctive relief), respondents contended that appellant lacked standing to assert a claim attacking the validity of the foreclosure or seeking injunctive relief to prevent it from occurring because he failed to allege tender. Finally, with respect to the claim for an accounting, respondents asserted that appellant failed to state "any plausible facts to suggest the Defendants are indebted to him in any way."

---

[5]     As explained in *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1082, "In simplified terms, 'securitization' is the process where (1) many loans are bundled together and transferred to a passive entity, such as a trust, and (2) the trust holds the loans and issues investment securities that are repaid from the mortgage payments made on the loans."

By order dated April 27, 2012, the court sustained the demurrer. The court found that the first count of the first cause of action failed to plead fraud with the requisite specificity. In addition, the first count appeared to be barred by the statute of limitations, and the FAC had not asserted any basis for application of the delayed discovery rule. The second count for failure of consideration also appeared to be barred by the statute of limitations. It was, in addition, substantively meritless as appellant did not allege that the loan did not fund. Moreover, there was no allegation of an offer of tender on appellant's part to support a rescission. With respect to the claim for injunctive relief (the second cause of action), the court could discern no recognized tort or wrongful act to support such relief. In addition, there was no allegation of tender to support an injunction halting or setting aside the foreclosure. The court granted 10 days leave to amend the first and second counts of the first cause of action and the second cause of action.

The court also sustained the demurrer to the third and fourth counts of the first cause of action (declaratory relief and "[e]xistence of [a]n [o]bligation – [n]o [c]reation of [r]ights") because "[n]o claim arises from the securitization or from MERS exercising its express rights under the deed of trust." It sustained the demurrer to the third cause of action (for an accounting) because the claim did not allege complicated accounts or indicate that any money was due appellant, and because "a financial institution owes no legal duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." The demurrer to these claims was sustained without leave to amend.

C. *Proceedings Following Demurrer*

Rather than file an amended complaint, on May 7, 2012, appellant moved for reconsideration of the court's order on the ground that "new or different facts" supported granting leave to amend with respect to the third and fourth counts of the first cause of action and the third cause of action. However, appellant identified no new facts. He simply argued, as he had in his original opposition, that tender was not required as a matter of law.[6]

On May 14, respondents moved to dismiss the action on the ground that appellant had failed to timely amend the claims for which leave had been granted. Appellant opposed the motion and filed a pleading entitled "second amended complaint." However, the pleading did not amend the first or second count of the first cause of action or the second cause of action as permitted by the court. Instead, it asserted new causes of action for breach of contract, negligence, bad faith breach of contract, wrongful foreclosure, and negligent and intentional infliction of emotional distress.[7]

The court granted the motion to dismiss. Judgment was entered. This appeal followed.

## DISCUSSION

In his brief on appeal, appellant contends that the trial court erred in sustaining the demurrer to the third and fourth counts of the first cause of action -- declaratory relief and "[e]xistence of [a]n [o]bligation – [n]o [c]reation of [r]ights"

---

[6] The court had not sustained the demurrer to those claims based on failure to allege tender.

[7] The new pleading was essentially the original complaint with a new title.

7

-- and to the third cause of action for an accounting without leave to amend.[8] When a demurrer is sustained without leave to amend, an appellate court "first review[s] the complaint de novo to determine whether the complaint alleges facts sufficient to state a cause of action under any legal theory or to determine whether the trial court erroneously sustained the demurrer as a matter of law." (*Aguilera v. Heiman* (2009) 174 Cal.App.4th 590, 595.) "Second, we determine whether the trial court abused its discretion by sustaining the demurrer without leave to amend." (*Ibid.*) We will conclude that the trial court abused its discretion by denying leave to amend if there is a reasonable probability that the complaint could have been amended to cure its defects. (*Barroso v. Ocwen Loan Servicing, LLC* (2012) 208 Cal.App.4th 1001, 1008.) "It is plaintiff's burden to establish that the complaint could be amended to cure any pleading defect." (*Ibid.*) "To meet this burden, a plaintiff must submit a proposed amended complaint or, on appeal, enumerate the facts and demonstrate how those facts establish a cause of action." (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 890; accord, *Von Batsch v. America Dist. Telegraph Co.* (1985) 175 Cal.App.3d 1111, 1118 [plaintiff establishes abuse of discretion by "showing in what manner it can amend its complaint and how that amendment will change the legal effect of its pleading"].)

In his brief, appellant contends, without elaboration, that the trial court improperly relied on *Gomes v. Countrywide Home Loans* (2011) 192 Cal.App.4th 1149 in sustaining the demurrer to counts three and four. In *Gomes*, the defaulting

---

[8] Appellant does not assign error to any other ruling of the court. Appellant devotes a significant portion of his brief to discussing whether he should have been excused from tender. As noted, the trial court did not sustain the demurrer to the third and fourth counts of the first cause of action or to the accounting cause of action based on a failure to allege tender.

8

borrower claimed that MERS lacked the authority to initiate a foreclosure. The court held, among other things, that the claim was precluded by the deed of trust executed by the borrower which recognized MERS's authority to act. (*Gomes, supra,* 192 Cal.App.4th at p. 1157.) Here, the trial court properly relied on *Gomes* in sustaining the demurrer to the third and fourth counts because appellant, like the borrower there, voluntarily signed a deed of trust naming MERS as the nominee for the lender with the right to foreclose and sell the property if necessary to enforce the debt. As the court stated in *Gomes*: "[The borrower's] agreement that MERS has the authority to foreclose . . . precludes him from pursuing a cause of action premised on the allegation that MERS does not have the authority to do so." (*Ibid.*)

Appellant cites *Sacchi v. Mortgage Electronic Registration Systems, Inc.* (C.D. Cal. June 24, 2011) 2011 U.S. Dist. LEXIS 68007, suggesting that it supports his claim that the foreclosure was not initiated by the correct party. In that case, a party who had not been identified in the deed of trust as having any relation to the transaction recorded a "Substitution of Trustee" purporting to substitute a new trustee for the one identified in the deed of trust; immediately thereafter, the new trustee executed and recorded a Notice of Trustee's Sale. (2011 U.S. Dist. LEXIS 68007 at *15.) As in the present case, MERS was identified as the beneficiary or lender's nominee in the deed of trust. (*Id.* at *8.) However, there was no evidence that MERS had assigned its interest to the other party prior to that party's attempt to name a new trustee and initiate a foreclosure. The court recognized that the issue was not "whether MERS had the authority to transfer its beneficial interest in the deed and to take other action on behalf of the lender," but whether "[a third party] could lawfully function as the beneficial interest holder by executing a Substitution of Trustee . . . before MERS actually transferred any interest . . . ." (*Id.* at *20-21.) Appellant has not alleged that any unidentified

9

party attempted to step in as beneficiary or nominee. Nor has he alleged an attempt to name a new trustee; ReconTrust, which recorded the notice of default/trustee's sale, was specifically named trustee in the deed of trust. Accordingly, appellant's reliance on *Sacchi* to suggest that he could amend his complaint to assert a cognizable cause of action is misplaced.

With respect to the accounting claim, appellant's bare allegation that "[t]he amount of money [respondents] owe [him] is unknown . . . and cannot be determined without an accounting" where no allegations support that respondents owe him any monetary obligation is patently insufficient to support the accounting claim. (See *Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 179 ["A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting."].) In sum, appellant has not met his burden of demonstrating that effective amendments to the third and fourth counts of the first cause of action or to the third cause of action exist. We conclude, therefore, that the trial court did not abuse its discretion in sustaining the demurrer to the claims without leave to amend.

Appellant contends that if given the opportunity, he could have amended his complaint to allege facts demonstrating fraud. He ignores the fact that he alleged a claim for fraud in the FAC -- the first count of the first cause of action. The trial court ruled that the fraud claim was not set forth with sufficient specificity and granted leave to amend. On appeal, appellant does not allege that the demurrer to the fraud claim was improperly sustained. Accordingly, he has forfeited any contention of error with respect to this count. (See *Doe v. California Dept. of Justice*, *supra*, 173 Cal.App.4th at p. 1113.) In any event, appellant did not state below and does not state on appeal how he could correct the defects in the fraud claim.

10

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.