Filed 1/27/16  Aksnes v. U.S. Bank National Ass'n CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TED AKSNES et al.,<br><br>      Plaintiffs and Appellants,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION et al.,<br><br>      Defendants and Respondents. | A143297<br><br>(Solano County<br>Super. Ct. No. FCS042989) |

Ted Aksnes appeals from a judgment of dismissal after the trial court sustained respondents' demurrer to his first amended complaint without leave to amend.  Aksnes contends the court misinterpreted his cause of action for wrongful foreclosure, erred in dismissing his fifth cause of action for slander of title, and incorrectly ruled that his failure to allege a tender precluded his quiet title action.  We will affirm the judgment.

I.  FACTS AND PROCEDURAL HISTORY

A.  Allegations of First Amended Complaint

In December 2005, Aksnes and Julia Kay Kelso obtained a loan in the amount of $404,000 from Downey Savings and Loan Association, F.A. (Downey Savings), secured by a deed of trust on their real property located in Fairfield, California.

In November 2008, the Office of Thrift Supervision closed Downey Savings and appointed the Federal Deposit Insurance Corporation (FDIC) as receiver.  On the same

1

date, U.S. Bank acquired certain of the assets from the FDIC acting as receiver, including Downey Savings' interest in the loan.[1]

On July 30, 2010, a Notice of Default and Election to Sell Under Deed of Trust (notice of default) was recorded in Solano County. The notice of default stated that Aksnes and Kelso were $8,725.88 in arrears as of that date. A notice of trustee's sale was recorded in January 2011, and a second notice of trustee's sale was recorded in October 2011.

On December 24, 2013, an Assignment of Deed of Trust was recorded, confirming the assignment to U.S. Bank of all the interest of the FDIC, as receiver for Downey Savings, in the deed of trust. A third notice of trustee's sale was recorded on January 27, 2013, setting a sales date of February 19, 2014.

On February 3, 2014, Aksnes and Kelso filed their initial complaint in this action against U.S. Bank and other defendants.

In March 2014, the property was sold to Parkview Edge Properties, LLC (Parkview) at a trustee's sale. A Trustee's Deed Upon Sale was recorded in April 2014, conveying title to the property to Parkview.

After U.S. Bank filed a demurrer to the complaint and the trial court sustained the demurrer with leave to amend, Aksnes and Kelso filed their first amended complaint on May 16, 2014. The first amended complaint is the operative pleading.

B. Causes of Action in First Amended Complaint

The first amended complaint alleged the facts set forth *ante* and sought damages, injunctive relief, and other remedies. The pleading asserted several causes of action, including the three at issue in this appeal: the second cause of action for wrongful foreclosure (due to violations of Civil Code sections 2923.5 and 2924),[2] the fifth cause of action for slander of title, and the sixth cause of action to quiet title.

---

[1] U.S. Bank sought judicial notice of this information in its demurrer to the first amended complaint. Aksnes does not contend in this appeal that judicial notice was improperly taken.

[2] All further undesignated statutory references are to the Civil Code.

2

C.  Demurrer to the First Amended Complaint

U.S. Bank filed a demurrer to the first amended complaint in its entirety.  As to the second cause of action, U.S. Bank argued there was no violation of section 2923.5 in light of a declaration of compliance contained in the notice of default pursuant to section 2923.5; furthermore, the cause of action was moot because the only permissible remedy under the statutes was a postponement of a foreclosure sale, and here the sale had already occurred.  As to the fifth cause of action, U.S. Bank maintained there was no slander of title claim because the filing of the notice of default was absolutely privileged under section 47, subdivision (b); in addition, the first amended complaint did not allege the elements of slander of title.  As to the sixth cause of action, U.S. Bank argued that the first amended complaint did not state a quiet title claim because there was no allegation that the outstanding indebtedness had been tendered.

Aksnes and Kelso filed an opposition to the demurrer.  They contended the declaration in the notice of default was false, only a qualified privilege applies in the context of a nonjudicial foreclosure, and the tender requirement does not apply if only damages are sought.

D.  Ruling on Demurrer

After a hearing, the court adopted its tentative ruling and sustained the demurrer to the first amended complaint without leave to amend.  The court ruled that the "second cause of action to set aside the trustee's sale for violation of [] section[s] 2923.5 and 2924(a)(5) is moot" because the trustee sale had already occurred.  The court added: "[R]egardless of any statutory violations, there exists a conclusive presumption of the regularity of the sale when the property is purchased by a bona fide purchaser. ([] § 2924[, subd. ](c); *Moeller v. Lien* (1994) 25 Cal.App.4th 822, 831 [(*Moeller*)].)"

As to the fifth cause of action for slander of title, the court concluded the allegations failed to "establish that the publications were not privileged, that the publications were false in some material respect, or that any false material in the publications caused Plaintiffs any direct pecuniary loss."

3

Finally, the court found that the "sixth cause of action to quiet title fails to allege tender of the outstanding balance of Plaintiffs' indebtedness."

A judgment of dismissal was entered, and this appeal followed.[3]

## II. DISCUSSION

In our de novo review of the order sustaining the demurrer, we assume the truth of all facts properly pleaded in the first amended complaint or reasonably inferred from the pleading, but not mere contentions, deductions, or conclusions of law. (*Buller v. Sutter Health* (2008) 160 Cal.App.4th 981, 985-986.) We then determine if those facts are sufficient, as a matter of law, to state a cause of action under any legal theory. (*Aguilera v. Heiman* (2009) 174 Cal.App.4th 590, 595.)

In making this determination, we also consider facts of which the trial court properly took judicial notice. (E.g., *Avila v. Citrus Community College Dist.* (2006) 38 Cal.4th 148, 165, fn. 12.) Indeed, a demurrer may be sustained where judicially noticeable facts render the pleading defective (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6), and allegations in the pleading may be disregarded if they are contrary to facts judicially noticed. (*Hoffman v. Smithwoods RV Park, LLC* (2009) 179 Cal.App.4th 390, 400; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264-265 [in sustaining demurrer, court properly took judicial notice of recorded documents that clarified and to some extent contradicted plaintiff's allegations].)

In order to prevail on appeal from an order sustaining a demurrer, the appellant must affirmatively demonstrate error. Specifically, the appellant must show that the facts pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879-880.) We will affirm the ruling if there is any ground on which the demurrer could have been properly sustained. (*Debro v. Los Angeles Raiders* (2001) 92 Cal.App.4th 940, 946 (*Debro*).)

---

[3] The notice of appeal was filed on behalf of both Aksnes and Kelso, but the parties' briefs treat Aksnes as the lone appellant. To the extent briefing has not been filed on behalf of Kelso, her appeal is deemed abandoned.

4

A.  Second Cause of Action (Wrongful Foreclosure)

For his second cause of action, Aksnes purported to assert a wrongful foreclosure claim based on violations of sections 2923.5 and 2924, subdivision (a)(5). Specifically, he claimed that U.S. Bank violated section 2923.5 by failing to contact him in person or by telephone before recording the notice of default, and violated section 2924, subdivision (a)(5) by failing to provide written notice of a postponement of the foreclosure date.

Aksnes contends the court's ruling with respect to this cause of action was erroneous because (1) the court indicated Aksnes was seeking a remedy of setting aside the trustee's sale, which he was not seeking; and (2) the court made a reference to the conclusive presumption of the regularity of the sale, which he urges was incorrect and improperly made sua sponte.

Before addressing these arguments, we put them in context by providing the relevant portion of the court's ruling: "Plaintiffs' second cause of action *to set aside the trustee's sale* for violation of [] section[s] 2923.5 and 2924(a)(5) is moot.  The only remedy for violation of [] section 2923.5 is postponement of an impending foreclosure sale before it happens and noncompliance with the statute does not affect the title after sale. (*Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 235 [(*Mabry*)].)  Likewise, [s]ection 2924(a)(5) expressly does not invalidate any sale that would otherwise be valid pursuant to [s]ection 2924f.  ([] § 2924[, subd. ](a)(5)].)  And, regardless of any statutory violations, there exists a *conclusive presumption of the regularity of the sale* when the property is purchased by a bona fide purchaser.  ([] § 2924[, subd. ](c); *Moeller*[, *supra*, 25 Cal.App.4th at p. 831].)  Plaintiff fails to allege any facts establishing that the third party purchaser at the sale had notice of the claimed irregularities. (*Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 442.)"

1.  Remedy Sought

As mentioned, Aksnes contends the court erred in sustaining the demurrer as to his second cause of action because of its "mischaracterization of the remedy" he sought,

5

because Aksnes "never sought to set aside the Trustee's foreclosure auction deed." His argument is baseless.

In the first place, the second cause of action *did* seek to set aside the trustee's sale. Aksnes specifically requested that the court "set the defective [notice of default] aside and declare the foreclosure proceeding unlawful." In his prayer for relief, he requested an order "declaring that the recorded foreclosure related documents are false and void and *subsequent proceedings based on these documents . . . be invalid*." (Italics added.) Indeed, his opening brief admits that the "Second Cause of Action did seek a cancellation of instrument as to the Notice of Default" and sought "declaratory relief" as to the validity of the trustee's sale. A finding that the trustee's sale was invalid would effectively set it aside.

Moreover, the obvious essence of the court's ruling with respect to the second cause of action—*regardless* of what remedy Aksnes was seeking—is that the *only* potential remedy under the statutory provisions was to postpone a foreclosure sale, and as a matter of law Aksnes could not obtain that remedy since the foreclosure sale had already occurred. Aksnes fails to establish that the court's ruling in this regard was wrong.

Under section 2923.5, the only available remedy is the postponement of a foreclosure sale until the requirements of the statute have been fulfilled. (*Mabry*, *supra*, 185 Cal.App.4th at pp. 223-224; *Intengan v. BAC Home Loans Servicing LP* (2013) 214 Cal.App.4th 1047, 1058, fn. 4 (*Intengan*) ["We note . . . the well-established rule that there is no remedy for violation of [] section 2923.5 except a delay of the foreclosure sale pending compliance with the statute. [Citations.]"]; *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 77 (*Lueras*) ["The only remedy afforded by section 2923.5 is . . . a one-time postponement of the foreclosure sale before it happens"].) The court in this case could not provide such a remedy because the property had already been sold.

Similarly under section 2924, subdivision (a)(5), a borrower must be provided notice "whenever a sale is postponed for a period of at least 10 business days pursuant to

6

[s]ection 2924g," but "[f]ailure to comply with this paragraph *shall not invalidate any sale* that would otherwise be valid under [s]ection 2924f." (Italics added.) Aksnes does not allege that the sale would be invalid under section 2924f, and he does not establish that damages or any other relief, besides postponing a foreclosure sale, is available. (See *Penermon v. Wells Fargo Bank, N.A.* (N.D.Cal. 2014) 47 F.Supp.3d 982, 997.)

Aksnes contends the "cancellation of instrument" remedy and "declaratory relief" he sought under section 2923.5 were not monetary remedies and therefore not precluded by *Mabry*. But *Mabry* (and other cases) did not say that section 2923.5 allows *all* nonmonetary relief—*only* postponement of a foreclosure sale. (*Mabry*, *supra*, 185 Cal.App.4th at p. 224; *Intengan*, *supra*, 214 Cal.App.4th at p. 1058, fn. 4; *Lueras*, *supra*, 221 Cal.App.4th at p. 77.) Furthermore, since Aksnes does not want (and cannot obtain) an order setting aside the foreclosure sale, and he cannot obtain damages as a matter of law, he has failed to demonstrate any *purpose* for the remedies of canceling the notice of default or obtaining declaratory relief. The law will not compel an idle act, and declaratory relief cannot be provided without an actual controversy.

In short, the trial court's order was not erroneous due to its characterization of Aksnes's desired remedy.

### 2. Presumption of Validity

Aksnes contends the court improperly stated that the regularity of a foreclosure sale is conclusively presumed when the property is purchased by a bona fide purchaser. He urges that the court lacked authority to make this ruling *sua sponte*. His arguments fail for multiple reasons.

First, Aksnes waived any right to challenge the ruling on the ground the court raised the matter *sua sponte*, since he did not provide this court with a reporter's transcript of the hearing on the demurrer. Without the transcript, we cannot know whether the court raised the conclusive presumption *sua sponte*, or whether it was raised at the hearing by one of the parties. Without an adequate record, or the appearance of reversible error on the face of the record, we indulge every presumption in favor of the

7

validity of the judgment. (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324; *In re Angel L.* (2008) 159 Cal.App.4th 1127, 1137.) The failure to provide the reporter's transcript or adequate substitute is therefore fatal to Aksnes's argument. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 183-186; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992; Cal. Rules of Court, rule 8.120(b) ["If an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings . . ."].)

Second, Aksnes fails to establish that the court's statement concerning a conclusive presumption of regularity was incorrect. Section 2924, subdivision (c) provides: "A recital in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices or the publication of a copy of the notice of default or the personal delivery of the copy of the notice of default or the posting of copies of the notice of sale or the publication of a copy thereof shall constitute *prima facie evidence of compliance with these requirements and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice.*" (Italics added; see *Moeller*, *supra*, 25 Cal.App.4th at p. 831 ["if the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser" and "a trustor has no right to set aside a trustee's deed as against a bona fide purchaser for value by attacking the validity of the sale"].) Here, Parkview bought the property at the trustee's sale, and Aksnes did not allege any facts indicating Parkview had notice of any irregularities or was not a bona fide purchaser.

Aksnes argues that section 2924, subdivision (c) renders the recital of compliance "conclusive evidence" of regularity in favor of *bona fide purchasers* only, not a wrongfully foreclosing beneficiary who causes the sale to a bona fide purchaser. As to beneficiaries, he urges, the recital of compliance is only "prima facie evidence" that can

be rebutted. But even if that were so, he provides no legal authority that the allegations of his first amended complaint are sufficient to rebut the prima facie evidence of compliance.

In any event, Aksnes fails to establish prejudice. Even if the court's statement of a conclusive presumption were incorrect, the fact remains that, as a matter of law, Aksnes had no claim for wrongful foreclosure based on section 2923.5 or section 2924, subdivision (e), since the only remedy possible under those sections is no longer available. We must affirm the judgment " 'if any one of the several grounds of demurrer is well taken.' " (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967; see *Debro*, *supra*, 92 Cal.App.4th at p. 946.)

Aksnes fails to establish reversible error in the trial court's sustaining of the demurrer with respect to his second cause of action for wrongful foreclosure.

B. <u>Fifth Cause of Action (Slander of Title)</u>

In his fifth cause of action, Aksnes claimed that U.S. Bank slandered his title to the property by causing the recordation of the notice of default and the third notice of trustee's sale. The court sustained U.S. Bank's demurrer as to this cause of action because Aksnes's allegations did not establish the required elements of a slander of title claim: that the publication was not privileged, was false in some material respect, and the false matter caused Aksnes and Kelso direct pecuniary loss.

In the "Significant Facts of the Case" section of his opening brief in this appeal, Aksnes asserts that the court's ruling is "in direct contravention of *Kachlon*." In his "Conclusion," he asserts that we should "enforce *Kachlon*" and find that he "was required only to plead facts that overcome the 'qualified' privilege" of section 47. He does not, however, provide further explanation or substantial argument for his position in his opening brief (or even in his reply brief), let alone an actual legal citation to "*Kachlon*." He fails to establish error.

First, by failing to provide adequate legal argument under appropriate headings and citation to relevant authority, Aksnes violated rule 8.204(a)(1)(B) of the California

Rules of Court. We therefore deem the issue waived and abandoned. (*Associated Builders & Contractors, Inc. v. San Francisco Airports Com.* (1999) 21 Cal.4th 352, 366, fn. 2 (*Associated Builders*); see *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 [court need not consider undeveloped claims or make arguments for the parties].)

Second, Aksnes fails to show that the court was wrong in concluding that he failed to allege facts sufficient to state the elements for a slander of title cause of action, including a publication made without privilege or justification and containing false statements that resulted in direct and immediate pecuniary loss. (*Howard v. Schaniel* (1980) 113 Cal.App.3d 256, 263-264.) The first amended complaint does not allege facts (as opposed to mere conclusions) that the notice of default and notice of trustee's sale were *without privilege or justification*, since there is no allegation that Aksnes fully complied with the loan documents or that no default occurred. (See § 2924, subd. (a)(1)(B) [authorizing recording of notice of default upon "a breach of the obligation for which the mortgage or transfer in trust is security has occurred"]; subd. (d) [the mailing, publication, and delivery of notices as required by this section "shall constitute privileged communications pursuant to [s]ection 47"].) Nor does Aksnes explain in his appellate briefs how the first amended complaint alleges that he suffered any *direct pecuniary loss* as a result of the recording of the documents.

Third, Aksnes's references to "*Kachlon*" are unavailing. He apparently means *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316 (*Kachlon*), in which the court determined that the mailing, publication, and delivery of a notice in a nonjudicial foreclosure (such as a notice of default or a notice of trustee's sale) constitutes a communication under the qualified common interest privilege of section 47, subdivision (c)(1). (*Kachlon*, at p. 333.) Thus, the delivery of these notices would be privileged unless made with malice. (*Ibid.*)

But nowhere in the first amended complaint does Aksnes actually allege facts indicating U.S. Bank acted with malice. He alleges in conclusory fashion that U.S. Bank acted "maliciously," but he does not identify any *facts* that would support this conclusion, particularly in light of Aksnes's default in paying the loan. Because Aksnes has not

10

alleged facts evincing malice, the privilege applies, precluding a cause of action for slander of title. (*Kachlon*, *supra*, 168 Cal.App.4th at p. 333.)

For each of these reasons, Aksnes has failed to establish reversible error in the court's sustaining of the demurrer as to the fifth cause of action.

### C. Sixth Cause of Action (Quiet Title)

The trial court sustained the demurrer as to the sixth cause of action for quiet title on the ground that Aksnes had not tendered the outstanding obligation under the note. In the "Significant Facts of the Case" portion of his opening brief, Aksnes states that the court's ruling "disregards the expressly-pleaded allegation that the foreclosing party was not, in fact, the true beneficiary to which any 'tender' would be due." In his "Conclusion," he asserts the court "misapplied the 'Tender Rule' in a situation where the identity of the true beneficiary to whom a 'tender' would be due, was in dispute." He does not provide any legal authority or further argument on this issue in his opening brief (or in his reply brief). His claim fails for a number of reasons.

First, by failing to provide substantive legal argument and citation to relevant authority, or even explain why U.S. Bank is not the "true beneficiary," the issue is waived and abandoned. (See Cal. Rules of Court, rule 8.204(a)(1)(B); *Associated Builders*, *supra*, 21 Cal.4th at p. 366, fn. 2.)

Second, Aksnes did not make this argument in opposing the demurrer. Because he did not raise the argument in the trial court, he cannot raise it now. (*Associated Builders*, *supra*, 21 Cal.4th at p. 366, fn. 2; *Perez v. Grajales* (2008) 169 Cal.App.4th 580, 591-592.)

Third, Aksnes's argument has no merit, since the allegations of the first amended complaint, and the facts undisputedly subject to judicial notice, demonstrate that U.S. Bank *was* the "true beneficiary" of the deed of trust at the time of the foreclosure proceedings. The loan was made by Downey Savings and later transferred by the FDIC, as receiver for Downey Savings, to U.S. Bank. Moreover, the first amended complaint attached a recorded assignment to U.S. Bank of all right, title, and interest in the deed of

11

trust from the FDIC as receiver for Downey Savings.  The first amended complaint does not contain any specific factual allegations indicating U.S. Bank was *not* the true beneficiary of the deed of trust.

And fourth, Aksnes's argument is immaterial, because he does not provide any legal authority to explain why, even if U.S. Bank was not the true beneficiary, he would be relieved of the tender obligation—particularly since title to the property is now held by Parkview.  (It is also unclear how Aksnes could maintain a cause of action to quiet title against U.S. Bank, who no longer has title, particularly in a lawsuit in which Parkview is not a party and Aksnes insists he does not want to set aside the sale.  Since the parties have not briefed this issue, however, we will not rely on it.)

Aksnes fails to demonstrate error.

### III. DISPOSITION

The judgment is affirmed.

_____

NEEDHAM, J.

We concur.

_____

JONES, P.J.

_____

SIMONS, J.

(A143297)